# CHARLESTON.

Sidney George et als. v. Board of Ballot Commissioners.

Submitted October 31, 1916.   Decided November 1, 1916.

1. Elections—*Nominations—Certificate—Qualifications of Voters.*
   Legal voters may, before they have been registered for the purpose of an election, make a nomination of a candidate for office, by certificate, under the provisions of sec. 23, ch. 26, Acts of 1915, Barnes' Code, ch. 3, sec. 26a (23).  (p. 214).

2. Same—*Qualifications of Candidate.*
   An unsuccessful candidate for a nomination in a primary election may afterwards be nominated by certificate, under the provisions of the statute above referred to, as a candidate of a political party other than that with which he declared himself, on oath, to be affiliated in the preceding primary election.  (p. 215).

3. Constitutional Law—*Distribution of Governmental Powers—Policy of Legislation.*
   The policy of a statute is legislative, not judicial, and it is the exclusive province of the legislature to declare the scope and extent thereof by its prescription of measures of enforcement and otherwise.  (p. 214).

   (Miller, Judge, absent).

Petition by Sidney George and others for mandamus to W. B. Payne and others.

*Peremptory writ awarded.*

*Litz & Harman,* for petitioners.

*Geo. W. McClintic,* for respondents.

Poffenbarger, Judge:

The return to the alternative writ of mandamus requiring the Board of Ballot Commissioners of McDowell County, to place on the official ballot to be used in the election to be held on the 7th day of November 1916, the name of S. C. Stewart, who claims to be a candidate for justice of the peace in North Fork District, of said county, under the name or heading, ''The Independent Republican Party,'' sets up only two matters of defense: (1) that the certificate of nomina-

tion is void, because many of those who signed it, enough to reduce the number below that required by the statute, are not registered voters of the county; and, (2) that the relator, having been an unsuccessful candidate for the republican nomination, for the same office, in the primary election, is not eligible to candidacy therefor, under another party name.

As the right claimed by the relators is a purely statutory one, it is necessary to resort to the statute for ascertainment of its extent and limitations. It is not in the power of the court either to add to or subtract therefrom. The policy of a statute is legislative, not judicial, and it is the exclusive province of the legislature to declare and prescribe the measures of enforcement thereof. The policy itself is seldom evidenced otherwise than by the measures prescribed, and the courts can recognize it only as matter of inference or deduction from the prescribed means of enforcement. Judicial addition to the measures of enforcement would necessarily be an extension of the policy. Hence, ordinarily, courts do not go beyond what the legislature has expressed in terms or by necessary implication, and ought never to do so.

The statutory qualifications of persons authorized to make nominations by certificate, do not include registration as an element or factor. The requirement is that the certificate shall be signed by voters resident within the state, district or political division for which the candidate is presented. Only certain voters are excluded, namely, those who participated in a direct primary held in accordance with the act. The certificate itself says the signers are legally qualified to vote for the candidate, and an affidavit filed in support of the alternative writ and in contradiction of the return thereto, says 43 of the 67 signers whose qualifications are denied, are personally known to the affiant and are, as he verily believes, legally qualified voters of the district. These persons with those whose qualifications are not denied, make more than the required five per cent of the voters of the district. Though not now registered, these 43 persons have the right, under the statute, to be registered at their respective precincts, on the day of the election if they are legal voters. Barnes' Code, ch. 3, sec. 98A, (11). According to the proof,

they lack only registration which it is in their power to supply, and the statute does not say they shall be registered before they can validly participate in a nomination by certificate.

As to the eligibility of a candidate for nomination by certificate, the statute requires no more than that he shall be legally qualified to hold the office. As to whether he may have been previously a candidate for nomination by another party, or may be a candidate of some party other than that named in the certificate, the statute is silent. The affidavit made by the candidate in question here, as a prerequisite to his unsuccessful candidacy in the primary election for the republican nomination, declaring his membership of that party, his affiliation with it and his intention to support it in the ensuing general election, is invoked against him; but it cannot be assumed that the legislature intended, in prescribing this requirement for purposes of the primary election, to preclude him from becoming a candidate of any other party in the general election. Nowhere in the statute is such purpose declared in terms or by necessary implication. Mere possibility or probability of legislative purpose is not enough to warrant an addition to its terms by way of interpretation or construction. Such addition can be made by way of implication only as a matter of necessity arising out of the terms used or a purpose made plainly and unmistakably manifest. The affidavit related to his status and intention at the time of the filing thereof and its statements may have been true. The statute denied him right of candidacy if he did not make it. He made it, therefore, to get his name on the ballot in that election, and the statute does not say it either gave, or took away, any other right. To say it denies right to take a nomination by certificate would give it an effect not declared.

These principles and conclusions render the return to the alternative writ obviously insufficient and call for the award of the peremptory writ prayed for.

*Peremptory writ awarded.*