## Sullivan's Petition.

Argued April 7, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Earl V. Compton,* with him *B. Robert Averbach,* for
appellant.—A qualified elector is a person possessing all
the characteristics specified in article VIII, section 1,
of the Constitution.

No constitutional qualification of an elector can in
the least be abridged, added to, or altered by legislation
or the pretense of legislation. Any such action would
necessarily be absolutely void and of no affect: Lan-
caster City's Fifth Ward Election, 281 Pa. 131, 136.

Therefore, to construe the Act of 1913 as amended by
the Act of 1917, as was done by the court below to mean
that "a qualified elector" is one who is registered, would
result in making that part of the act unconstitutional:
McDonough's Contested Election, 105 Pa. 488; Ellen-
berg's Petition, 17 Pa. Dist. 214; Monaghan's License,
17 Pa. Dist. 493; Schmitt's License, 17 Pa. Dist. 521.

The court of common pleas has no power to strike off
a nomination petition because signers thereof are not
registered: Monaghan's Petition, 28 Lack. J. 144.

*James P. McArdle,* for appellee.—An elector must be registered in order to sign a nomination petition under the Act of July 12, 1913, P. L. 719, as amended: Page v. Allen, 58 Pa. 338; Lancaster City's Election, 281 Pa. 131; Cusick's Election, 136 Pa. 459, 467.

That registration is a qualification of an elector has been recognized by the Court of Dauphin County in a long line of decisions: Wilhelm's Petition, 33 Dauph. 343; Snyder's Petition, 30 Dauph. 419; Earhart's Petition, 23 Dauph. 128; Werner's Petition, 23 Dauph. 129; Jackson's Petition, 23 Dauph. 137; Auschnitt's Petition, 27 Dauph. 103.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 11, 1932:

This is an appeal from an order of the Court of Common Pleas of Dauphin County, declaring invalid the petition to nominate Patrick Joseph Sullivan as a candidate of the Republican Party for representative in Congress from the Thirty-second Congressional District. Appellant, who bears the same name as another candidate for the office, is a carpenter, residing at 6244 Station Street, in the City of Pittsburgh.

On or before March 7, 1932, petitions containing two hundred thirty-six names were presented to the secretary of the Commonwealth to have appellant's name printed on the primary election ballot for the Thirty-second Congressional District. On March 12th, relator, John E. McGrady, filed objections to these petitions in the Court of Common Pleas of Dauphin County. After taking testimony, the court of common pleas sustained the objections and set aside the nomination petition. This order and the opinion thereafter filed by the court below was based upon the fact that fifty of the signers of the petitions were shown not to have been registered as voters in this district at the time of signing.

The principal question raised by this appeal is the interpretation of the phrase "qualified electors" in sec-

tion 6 of the Act of July 12, 1913, P. L. 719. The learned judge of the court below held that, as applied to the signers of a nomination petition, a "qualified elector" is one who, at the time of signing, is a member of the political party presenting the petition and registered in the political district within which the nomination is to be made. Consequently, evidence was excluded intended to prove that persons whose names had been objected to as not being registered voters of an election district specified had, since the last registration day and more than sixty days prior to the signing of the petitions, become residents of the election district from which the nomination petition was presented, but were not registered therein. We are of opinion the assignments of error which have been raised on this point must be sustained.

The Constitution of Pennsylvania, article VIII, section 1, provides as follows:

"Every male citizen, twenty-one years of age, possessing the following qualifications, shall be entitled to vote at all elections, subject however to such laws requiring and regulating the registration of electors as the General Assembly may enact:

"1. He shall have been a citizen of the United States at least one month.

"2. He shall have resided in the State one year (or, having previously been a qualified elector or native born citizen of the State, he shall have removed therefrom and returned, then six months), immediately preceding the election.

"3. He shall have resided in the election district where he shall offer to vote at least two months immediately preceding the election.

"4. If twenty-two years of age and upwards, he shall have paid within two years a State or county tax, which shall have been assessed at least two months and paid at least one month before the election."

We cannot agree with the contention which was earnestly advocated before us and which was also the opin-

ion of the court below, that registration is an essential qualification of an elector. The reference which is made to registration in the first paragraph of the section of the Constitution just quoted does not require such a narrow construction of the phrase "qualified elector." Registration may be and usually is prerequisite to voting, but it is not a qualification for the exercise of the franchise. No attorney is permitted to argue before the bar of this court without being formally admitted, yet no one would contend that the mere motion for admission constitutes a qualification for practice. The same reasoning applies to registration for voting.

This interpretation is supported by the wording of section 8 of the Act of 1913, supra, which states, inter alia: "No nomination petition shall be refused or set aside except for...... (c) Want of a sufficient number of genuine signatures of persons qualified, with respect to age, sex, residence, and citizenship to be electors."

Here are the qualifications specifically set out, and registration is not mentioned as one of them. Unless the legislature sees fit to add registration to the list, we cannot declare it to be so.

In the present case we are not unmindful of the danger of confusion which may be present in the minds of the voters as to the identity of the two nominees whose names are alike. However, the interests of each may be properly protected in accordance with the provisions of the Act of June 18, 1915, P. L. 1025, amending section 5 of the Act of 1913, supra. The later act provides: "If two or more candidates for the same office shall have the same surname, or similar surnames, the county commissioners shall, upon the request of any of said candidates, filed in writing not later than five days after the last day for filing nomination petitions, print the occupation of any such candidate, so filing a request, on the ballot opposite or under his name." Although the five-day period specified has already elapsed, in view of the fact that the validity of appellant's nomination petition has been nec-

essarily in abeyance since a time when the act might have been complied with, it is only equitable that both parties may now proceed as therein indicated, if they have not already done so, and we have no doubt the county commissioners will recognize such request.

The order of the court below is reversed and it is directed that the petition of appellant, Patrick Joseph Sullivan, be reinstated before the secretary of the Commonwealth.