## Employment in State Liquor Stores

ARNOLD, Deputy Attorney General, February 1, 1934.—You have asked us to advise you of the proper construction of the portion of section 302 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, which requires that all persons appointed to operate or assist in the operation of liquor stores "shall be qualified electors of the county in which the store is located."

Article VIII, sec. 1, of the State Constitution, as last amended by the people on November 7, 1933, enumerates four specific qualifications for an elector. He must be at least 21 years of age. He must have been a citizen of the United States for at least 1 month, a resident of the State for 1 year immediately preceding the election (except in certain cases in which this period is reduced to 6 months), and a resident of his election district for at least 60 days before an election.

Clearly, a person must have those qualifications to be eligible for appointment to a position in a State liquor store.

Likewise, it is clear that the appointee may not be subject to any disability which would directly disqualify him from voting. Provision for such a disqualification is found in article VIII, sec. 9, of the Constitution.

The real problem is whether the appointee, in addition to having the specific qualifications enumerated by the Constitution, must also be registered to vote. The question is not without difficulties, but we have concluded that such registration is not a prerequisite.

It is true that article VIII, sec. 1, of the Constitution expressly makes the right to vote subject to statutory provisions for registration of voters. But we regard registration as a means of evidencing and making a record of an elector's qualification rather than as a basic qualification itself. Constitutional, statutory, and judicial language bears out our conclusion.

Article VIII, sec. 6, of the Constitution provides special absentee voting privileges for "qualified electors" who are in "actual military service". The Act of July 10, 1919, P. L. 857, sec. 49, provides that:

". ... No one except a qualified elector who is in actual military or naval service . . . shall be entitled to vote . . . without being registered. . . ."

Obviously the term "qualified elector" as used in these cases does not include any prerequisite of registration.

The Act of March 5, 1906, P. L. 63, sec. 4, as last amended by the Act of June 22, 1931, P. L. 638, provides for the placing of names on registration lists after the regular registration days in some cases. If the county commissioners refuse to register the applicant, he may appeal to the court of common pleas, and if the court is satisfied that "the applicant . . . is qualified to vote," it may order his name to be listed.

Section 5 of the same act, as amended by the Act of June 16, 1911, P. L. 1014, sec. 4, provides for the registration of a person "who shall have paid his taxes on or before the last day for registration, and who shall possess all the other qualifications of an elector as provided in the Constitution and laws of this Commonwealth, . . ." (italics ours).

Thus the legislature has definitely separated registration from the term "qualified elector". One must be a qualified elector in order to be registered. Registration but records the fact.

In Sullivan's Petition, 307 Pa. 221, 224-225 (1932), the Supreme Court, after quoting article VIII, sec. 1, of the Constitution, said:

"We cannot agree with the contention which was earnestly advocated before us and which was also the opinion of the court below, that registration is an essential qualification of an elector. The reference which is made to registration in the first paragraph of the section of the Constitution just quoted does not require such a narrow construction of the phrase 'qualified elector.' Registration may be and usually is prerequisite to voting, but it is not a qualification for the exercise of the franchise. No attorney is permitted to argue before the bar of this court without being formally admitted, yet no one would contend that the mere motion for admission constitutes a qualification for practice. The same reasoning applies to registration for voting."

Therefore, we advise you that under section 302 of the Pennsylvania Liquor Control Act, in order to be eligible to appointment to operate or assist in the operation of a liquor store, an applicant must have the specific qualifications enumerated in article VIII, sec. 1, of the Constitution. He must not have been deprived of his right of franchise under any other constitutional or statutory provision. But he need not be a registered voter.

From C. P. Addams, Harrisburg, Pa.