## Nomination Petitions

MARGIOTTI, Attorney General, July 19, 1937.—We have your request to be advised concerning the requirement of the Pennsylvania Election Code of June 3, 1937 (Act no. 320), that nomination petitions be signed by duly registered and enrolled members of the party. You inquire specifically whether in boroughs and townships such reg-

istration and enrollment must be under the provisions of The Permanent Registration Act for Boroughs, Towns, and Townships of April 29, 1937 (Act. no. 115).

Reference to pertinent provisions of the Pennsylvania Election Code (hereafter called code) shows the necessity of such registration. Section 907 provides, inter alia:

"The names of candidates for nomination as President of the United States, and the names of all other candidates for party nominations, and for election as delegates, alternate delegates, members of committees and other party officers, shall be printed upon the official primary ballots or ballot labels of a designated party, upon the filing of separate nomination petitions in their behalf, in form prescribed by the Secretary of the Commonwealth, *signed by duly registered and enrolled members of such party . . .*". (Italics supplied.)

Section 908 prescribes the manner of signing nomination petitions. It sets forth:

"*Each signer* of a nomination petition shall sign but one such petition for each office to be filled, and *shall declare therein that he is a registered and enrolled member of the party designated in such petition.* . . . He . . . shall also add the date of signing. . .". (Italics supplied.)

Section 1812 declares that it shall be a misdemeanor for any person knowingly and wilfully to sign any nomination petition without having the qualifications prescribed by the act, or to set opposite a signature any date other than the actual date of signing.

"Registered and enrolled members" are defined in section 102 of the code:

"(*u*) The words 'registered and enrolled member of a political party' shall mean any qualified elector who shall be registered according to political designation, in accordance with the provisions of the registration acts."

The precise expression "registered and enrolled" also appears in section 702, which provides that "no elector who is not registered and enrolled as a member of a political party, in accordance with the provisions of this act,

shall be permitted to vote the ballot of such party or any other party ballot at any primary."

As in section 907, the words "registered and enrolled" must be defined in accordance with section 102($u$).

When presenting himself to vote, the elector is required to sign a voter's certificate, and hand the same to the election officer in charge of the district register, who thereupon compares the signature with that contained in the district register: Section 1210.

The district register is defined by section 102($e$) to mean "the cards containing all or any part of the registry list of qualified electors of the same election district, as prepared by the registration commissions." The registration commissions are those who are given the jurisdiction over the registration of electors under The Permanent Registration Law: Section 3 of The Permanent Registration Act for Boroughs, Towns and Townships, supra, hereinafter called The Permanent Registration Law.

Thus, as a prerequisite to the receipt of a ballot, the voter's name must be checked with a registry list prepared by the registration commission in conformity with The Permanent Registration Law. Further, section 1210($d$) of the code precludes voting by persons who have not personally registered, and whose names do not appear in the district register, with an exception immaterial herein. The only manner in which such names could so appear would be by registration under The Permanent Registration Law. Reading section 1210 in connection with section 702, supra, which sets forth the qualifications of electors at primaries and requires their enrollment and registration in accordance with the provisions of the code, it becomes apparent that section 702 can refer only to registration under The Permanent Registration Law, and that the voter must be registered in accordance with this law in order to cast his ballot.

Since there is no difference in the language used in section 702 and that used in both section 907, under which

nomination petitions must be signed by duly registered and enrolled members of the party, and section 908, which requires a declaration by each signer that he is so registered and enrolled, insofar as the phrase "registered and enrolled member" is concerned, it logically follows that in the three sections a like meaning must be given to that phrase, and that to sign a petition the elector must be registered under the provisions of The Permanent Registration Law.

Section 19 of this law, which provides that "From and after the first day of September, one thousand nine hundred thirty-seven, no person shall be permitted to vote at any election or primary held in any borough, town or township unless he shall have been so registered", does not adversely affect our conclusion. This section relates only to the right to vote prior to September 1, 1937, without being registered under The Permanent Registration Law. The sole purpose of this section was to provide for special elections to be held throughout the Commonwealth prior to that date. However, the requirement of such registration after September 1, 1937, absolutely confirms the conclusion that the registration necessitated by the code is registration under The Permanent Registration Law.

This opinion could well be based on the fact that The Permanent Registration Law, which was enacted before the code, repealed all prior registration laws. Hence, at the time when the code went into effect, The Permanent Registration Law was the only law under which registrations could be had. Therefore, when the code refers to registration in accordance with registration acts, it can only refer to existing laws, namely, the various permanent registration acts.

We have alluded to the proposition that the right to vote at the primary election depends upon a registration under The Permanent Registration Law. In conjunction with the right to sign a nomination petition, there must be this right to vote, and, therefore, one who is not en-

titled to vote by not being so registered is not entitled to sign a nomination petition. To state the matter in another form, opportunity for control of a party's nomination petitions by electors of an opposite political faith should not exist.

A short review of the history leading up to the legislation permitting only those voters registered and enrolled in a party to sign a nomination petition sustains this position.

The Act of July 12, 1913, P. L. 719, contained no provisions compelling an elector to be registered and enrolled in the party as a qualification for signing nomination petitions. It merely set forth that such petitions should be signed by qualified electors. Despite the language of the act, the Court of Common Pleas of Dauphin County, before whom come many of the election questions that arise in the Commonwealth, had uniformly held that a signer to a nomination petition must have been a registered voter of his party at the time he signed the petition: In re Wilhelm's Petition, 33 Dauph. 343; In re Snyder's Petition, 30 Dauph. 419; In re Earhart's Nomination, 23 Dauph. 128; In re Werner's Nomination, 23 Dauph. 129; In re Jackson's Nomination, 23 Dauph. 137.

In the case of In re Earhart's Nomination, supra, the court, in setting forth the reason for such rule, stated, on page 128:

". . . to hold otherwise might open the door to fraud, and it is conceivable that parties of another political faith might thus control nominating petitions by changing the registration prior to the Primary Election Day."

However, in Sullivan's Petition, 307 Pa. 221 (1932), our Supreme Court reversed the Dauphin County Court on its ruling that such registration was a condition precedent to signing a nomination petition, and held that a qualified elector meant a person who possessed the qualifications set out in article VIII, sec. 1, of the Constitution, and that this did not require registration. To overcome the effect of this decision, the legislature, by the Act

of April 25, 1935, P. L. 83, amending the Act of 1913, supra, imposed the requirement that a signer of a nomination petition must be a registered and enrolled member of the party. This condition is continued in the code.

The obvious purpose is that the right to sign a nomination petition should depend upon the elector's ability to support such candidate by his vote, and also to eliminate the anomalous situation of electors of one party signing petitions for another party's candidates, and perhaps controlling the nomination petitions of the opposition party.

Thus, if we were to hold that a person registered under prior registration laws, now repealed, could, nevertheless, sign a nomination petition for a candidate at the primary election of 1937, we would, in effect, be aiding contravention of the legislative policy, since only through registration under the present law could such elector vote at the primary.

Therefore, you are advised that in order to sign a nomination petition for the ensuing primary, the qualified elector must be registered and enrolled under the provisions of The Permanent Registration Act for Boroughs, Towns, and Townships as a member of the party whose nomination is sought by the candidate named in the petition.

From Frederic Ray, Harrisburg.