## Magsam et al. v. Wible et al., Commissioners

*Swirles L. Himes*, for petitioners.

*I. Newton Taylor*, county solicitor, for county commissioners.

FETTERHOOF, P. J., August 27, 1937.—On July 14, 1937, a petition was filed by the citizens of Smithfield Township in the office of the County Commissioners of Huntingdon County, requesting the commissioners to grant a referendum on the question of granting malt and brewed beverage licenses to retail dispensers, and further requesting the commissioners to proceed to submit such question on the ballot or on voting machines, at the September primary election next ensuing, to the duly qualified electors of said township.

Plaintiffs in their bill seek an injunction to restrain defendants from granting the referendum and from proceeding to submit such question on the ballot or on voting machines at the primary election. They allege that the petition presented and filed with the county commissioners does not bear the required signatures of qualified electors, that is, those who have complied with the recently enacted Permanent Personal Registration Act for Boroughs, Towns and Townships, of April 29, 1937, No. 115.

It was agreed between counsel representing plaintiffs and defendants that, while there were 170 names signed to the petition, it was necessary to have only 150 signers, but that on July 14, 1937, when the petition was filed, there were only 119 persons registered in accordance with The Permanent Personal Registration Act, enacted on April 29, 1937, and effective that date.

During the recent session of the 1937 Assembly, two acts were passed designated the Pennsylvania Liquor Control Act of June 16, 1937, No. 370, and the Beverage License Law of June 16, 1937, No. 372. Section 32 of the Beverage License Law, the section dealing with the subject matter of this case, provides:

"Whenever electors equal to at least twenty-five per centum of the highest vote cast for any office in the municipality or township at the last preceding general election shall petition the county commissioners of the county for a referendum on the question of granting such

[liquor or beer] licenses, the said county commissioners shall cause a question to be submitted at the primary immediately preceding the municipal election occurring at least sixty days thereafter".

The Constitution of Pennsylvania, article VIII, sec. 1, as amended on November 7, 1933, P. L. 1559, provides:

"Every citizen twenty-one years of age, possessing the following qualifications, shall be entitled to vote at all elections, subject, however, to such laws requiring and regulating the registration of electors as the General Assembly may enact.

"1. He or she shall have been a citizen of the United States at least one month.

"2. He or she shall have resided in the State one year (or, having previously been a qualified elector or native born citizen of the State, he or she shall have removed therefrom and returned, then six months) immediately preceding the election.

"3. He or she shall have resided in the election district where he or she shall offer to vote at least two months immediately preceding the election."

The Permanent Personal Registration Act, sec. 1(k), recites:

" 'Qualified elector' shall mean any person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election."

Chief Justice Frazer, in Sullivan's Petition, 307 Pa. 221, 224, where the question raised upon appeal was the interpretation of the phrase "qualified elector" in section 6 of the Act of July 12, 1913, P. L. 719, stated:

"We cannot agree with the contention which was earnestly advocated before us and which was also the opinion of the court below, that registration is an essential qualification of an elector. The reference which is made to registration in the first paragraph of the section

of the Constitution just quoted does not require such a narrow construction of the phrase 'qualified elector.' Registration may be and usually is prerequisite to voting, but it is not a qualification for the exercise of the franchise. No attorney is permitted to argue before the bar of this court without being formally admitted, yet no one would contend that the mere motion for admission constitutes a qualification for practice. The same reasoning applies to registration for voting."

The Attorney General of Pennsylvania, advising the Liquor Control Board in an opinion entitled Employment in State Liquor Stores, 20 D. & C. 595, held:

"Registration is a means of evidencing an elector's qualifications rather than a qualification in itself, and is therefore not a requisite for employes in State liquor stores under section 302 of the Pennsylvania Liquor Control Act of 1933, requiring such employes to be 'qualified electors of the county in which the store is located.' "

Counsel for plaintiffs cite In re Cusick's Election, 136 Pa. 459, 473, for authority that: "By the word 'elector' [in section 7, art. VIII, of the Constitution] is meant a duly qualified elector"; and "until . . . an unregistered voter has thus complied with the law, he is not even prima facie a qualified elector." This section of the Constitution was materially amended on November 6, 1928. This case was cited in the brief of appellee in Sullivan's Petition, supra, but the Supreme Court did not take the same view in its decision, and in fact did not refer to the case at all.

The Permanent Personal Registration Act defines "qualified elector" to mean: ". . . any person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth". Chief Justice Frazer, in discussing this provision of the Constitution in Sullivan's Petition, supra, plainly says that registration is not an essential qualification of an elector.

We are mindful that this provision of the Constitution was amended after that case was decided, but it was merely changed to include male and female citizens and to eliminate subsection 4, which related to the payment of State and county taxes. The interpretation of article VIII, sec. 1, by the Chief Justice is just as applicable in the instant case as in that case, decided in 1932.

The Beverage License Law, supra, dealing with the question of submitting a referendum on the question of granting licenses, uses the expression "Whenever electors", and not "registered" electors. As the court further states in its opinion in Sullivan's Petition:

"Here are the qualifications specifically set out, and registration is not mentioned as one of them. Unless the legislature sees fit to add registration to the list, we cannot declare it to be so."

The legislature was silent in these acts as to registration, and, without an express and specific limitation to electors who are registered, we have no right to impose that restriction. Had the legislature intended that electors be registered it would have so stated.

The view taken by the Supreme Court of Pennsylvania that registration is not an essential qualification of an elector is likewise taken in other jurisdictions. In considering a provision making registration requirements applicable to primary elections, the court in Benson v. The Election Commission of Denver, 62 Colo. 206, 100 A. L. R. 1311, held that a signer of a certificate of nomination of a candidate need not be registered, the provision did not add to the qualifications of voters but merely prescribed the procedure by which frauds might be prevented and mistakes avoided on the day of election. In George et al. v. Board of Ballot Commrs., 79 W. Va. 213, it was said that the statutory qualifications of persons authorized to make nominations by certificate did not include registration as an element or a factor, and that signers whose names were questioned as being not registered had the right to be registered on election day.

712

For the reasons above stated in expressing our views of this case, we are of the opinion that the petition filed with the county commissioners to grant a referendum on the question of granting malt and brewed beverage licenses to retail dispensers was signed by at least 25 percent of the highest vote cast in the Township of Smithfield in the last general election and is in proper form, and that the preliminary injunction should be dissolved. This same question having been raised in several other cases heard before us, a formal decree only will be made in each case, with reference to this opinion.

## Decree

And now, August 27, 1937, upon consideration of the foregoing case, it is ordered, adjudged, and decreed:

1. That the preliminary injunction as issued August 19, 1937, against defendants be and is hereby dissolved.
2. That the costs be paid by plaintiffs.

From R. W. Williamson, Huntingdon.

NOTE.—The courts of Mifflin, Centre, Delaware, Allegheny, Potter, and Indiana Counties have handed down decisions in accord with the ruling in the reported case. The courts of Westmoreland, Wayne, Armstrong, and Wyoming Counties have ruled the contrary.