Castle Shannon Borough Annexation Case.

476

Argued December 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samual W. Pringle*, with him *Samuel A. Schreiner, Hill Burgwin* and *Bruce R. Martin*, for appellant.

*Thomas Lewis Jones*, with him *Robert A. Rundle*, for appellees.

OPINION BY HIRT, J., March 12, 1947:

By the order in this proceeding (brought under the Act of June 19, 1939, P. L. 430, 53 PS 19092-312.1 to 312.6) a tract of about 76 acres of land, in Allegheny County, was detached from the Township of Mount Lebanon and annexed to the contiguous Borough of Castle Shannon. Appellant contends that the petition for annexation was signed by fewer than 80% of the qualified electors, residing in the territory. The failure of the borough to give public notice of the resolution of council

approving the annexation, is also assigned as error. It is conceded that the proceeding, otherwise, was regular and in accordance with the act.

Section 2 of the act, in addition to other requirements, provides that the application for annexation addressed to the court ". . . shall be signed by eighty per centum of the qualified electors resident only in the territory desired to be detached and annexed . . ." The signatures of six persons appear on the petition in this proceeding. In all, there were eleven individuals residing within the limits of the territory involved. Appellant contends that all eleven residents were qualified electors "because eligible for registration as voters" and that therefore the proceeding was vitiated since fewer than 80% of the qualified electors signed the petition. Thus contending, appellant relies on *Sullivan's Petition,* 307 Pa. 221, 160 A. 853, as analogous—a proceeding relating to the adequacy of a nominating petition under the Act of July 12, 1913, P. L. 719, since repealed. That act provided "No nomination petition shall be refused or set aside except for . . . (c) Want of a sufficient number of genuine signatures of persons *qualified,* with respect to age, sex, residence, and citizenship, *to be electors."* (Emphasis added.) Referring to this language the Supreme Court said: "Here are the qualifications specifically set out, and registration is not mentioned as one of them. Unless the legislature sees fit to add registration to the list, we cannot declare it to be so." Under the act with which we are concerned registration by the electors was required of those living within the area, to give them the status of "qualified electors", who alone were competent to sign the petition for annexation. *Aukamp et al. v. Diehm et al.,* 336 Pa. 118, 8 A. 2d 400, so construed similar, though less specific, legislative language. The present appeal is governed by the rule of construction applied in that case.

Six persons, who resided on the land, signed the petition for annexation. Both the district and the master

lists of voters in the Bureau of Elections of Allegheny County disclosed that but four of the eleven adult persons who lived within the territory were registered voters in Mount Lebanon Township. All four signed the petition for annexation. Of the remaining two signers, one, Ralph Sliger, was not registered and the other, Florence Comfort, was registered in the Borough of Castle Shannon but not in Mount Lebanon Township. The signatures of these two persons who, therefore, were not *qualified electors,* were mere surplusage to the petition and do not affect the result.

It is appellant's contention that two other persons —Robert McKelvey and his wife—living on the land, who did not sign the petition, were electors within the definitions of both *Sullivan's Petition* and *Aukamp v. Diehm,* supra, and that, therefore, the petition for annexation was signed by fewer than 80% of the resident qualified electors in the territory. Mrs. McKelvey, before her marriage, had registered as a voter in 1940 as Anna Ruth Martin. She married Robert McKelvey on April 10, 1943, but never corrected her registration to her married name, thereafter. The Bureau of Elections correctly advised the owner of the territory involved that Anna Ruth Martin McKelvey was not registered. We need not decide the question of her competency as an elector because of her prior registration in her maiden name, for in our view her husband Robert McKelvey was not a qualified elector. And even if his wife, who did not sign, was competent, the petition for annexation contained the signatures of 80% of the qualified electors residing within the affected territory.

Robert McKelvey was not a qualified elector. He was inducted into military service of the United States in March or April of 1942 and was discharged from service on January 10, 1946, thirteen days after the petition in this case was filed. His residence before he entered military service was and, since his discharge, has been within the territory involved. He never registered as a

voter in the township before, or during the term of his military service, either under the Act of May 6, 1943, P. L. 180, 25 PS 271 or the Act of August 1, 1941, P. L. 664, §3, 25 PS 951-18.1. And there is no testimony that his name was ever placed on a military ballot list either by himself or upon the request of someone acting in his behalf; moreover, there is no evidence that he was ever present in his election district on any election day during the term of his military service. Appellant therefore is not entitled to benefit either from the Act of June 3, 1937, P. L. 1333 as amended by the Act of March 9, 1945, P. L. 29, 25 PS 3139, or from the Act of May 5, 1944, Ex. Sess. P. L. (1945) 1143, 25 PS 4033. We are in accord with appellee's argument that since Robert McKelvey was never registered, prima facie at least he was not an eligible voter. And if his name had been placed on a military ballot list or if he had been present at an election in his district, at any time, the burden was on the township to establish the facts. But even proof of such facts, in our view, though giving him the limited status of a "qualified elector in actual military service", would not have made him a "qualified elector" in the unlimited sense contemplated by the Annexation Act of June 19, 1939, P. L. 430, supra.

The Borough of Castle Shannon, by resolution, approved the annexation of the land. There is no merit in appellant's contention that the resolution was void and of no effect because public notice of it was not given by advertisement. The Borough Code of May 4, 1927, P. L. 519, as amended May 8, 1929, P. L. 1636, §2, 53 PS 12898, 12896 (IV), requires notice by advertisement of every ordinance or resolution but only such as are "of a legislative character". The resolution in question, patently, was purely administrative and advertisement therefore was not required.

The petition for annexation, in this case, complied with the law in every respect.

Order affirmed.