## Williams Petition

*Charles J. Ware*, for objector.

KREIDER, J., March 19, 1956.—On March 8, 1956, we filed an order in which we dismissed a petition to set aside the nomination petition of Clarence Williams, a candidate for the office of representative in the General Assembly of the Commonwealth of Pennsylvania from the Second Representative District of Washington County. This opinion states our reasons for making that order.

The pivotal question for decision was whether a nomination petition is fatally defective if the affidavit required to be made by the circulator thereof as "a qualified elector" was made by one not registered to vote. Section 909 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2869, sets forth the qualifications of a *circulator* as distinguished from those of a *signer* of a nomination petition. Its material portions provide:

"Section 909. . . . Affidavit of Circulator.— . . . Each sheet shall have appended thereto the affidavit of some person, *not necessarily a signer*, and not necessarily the same person on each sheet, setting forth— (a) that the *affiant* is a *qualified elector* of the State, or of the political district, as the case may be, referred to in said petition; (b) his residence, giving city, borough or township, with street and number, if any; (c) that the signers thereto signed with full knowledge of the contents of the petition; (d) that their respective residences are correctly stated therein; (e) that they all reside in the county named in the affidavit; (f) that each signed on the date set opposite his name; and (g) that, to the best of affiant's knowledge and belief, the signers are qualified electors *and* duly *registered* and enrolled members of the designated party of the State, or of the political district, as the case may be." (Italics supplied.)

It will be noted that the qualifications of a *circulator* are *not* as comprehensive as those of a *signer* of a

nomination petition. The circulator only need make affidavit "(a) that the affiant is a *qualified elector* of the State, or of the political district, as the case may be, referred to in said petition;" while, on the other hand, the circulator must swear "(g) that, to the best of affiant's knowledge and belief, the *signers* are qualified electors *and* duly *registered* and enrolled members of the designated party of the State, or of the political district, as the case may be". The signer's qualifications are also set forth in section 908 of the Pennsylvania Election Code, as amended by section 6 of the Act of March 6, 1951, P. L. 3, 25 PS §2868:

". . . Each signer of a nomination petition . . . shall declare therein that he is a registered and enrolled member of the party designated in such petition: . . ."

It would appear, therefore, that by the very terms of section 909 of the Pennsylvania Election Code the General Assembly required only that the *circulator* of the petition make affidavit that he is "a qualified elector" of the State or of the political district, as the case may be. *There is no requirement that he also be a registered and enrolled member of a designated political party.* The qualifications of "a qualified elector" are set forth in article VIII, sec. 1, of the Constitution of Pennsylvania, as amended:

"Section 1. Qualifications of electors.

"Every citizen twenty-one years of age, possessing the following qualifications, shall be *entitled to vote* at all elections, subject, however, to such laws requiring and regulating the registration of electors as the General Assembly may enact.

"1. He or she shall have been a citizen of the United States at least one month.

"2. He or she shall have resided in the State one year (or, having previously been a qualified elector or native born citizen of the State, he or she shall

have removed therefrom and returned, then six months) immediately preceding the election.

"3. He or she shall have resided in the election district where he or she shall offer to vote at least two months immediately preceding the election. . . ." (Italics supplied.)

It will be noted that the Constitution does not make registration a qualification of an elector. Furthermore, prior to the enactment of the Pennsylvania Election Code of 1937 the Supreme Court of Pennsylvania, in Sullivan's Petition, 307 Pa. 221 (1932), construed the Election Law of July 12, 1913, P. L. 719, and in interpreting the phrase "qualified elector" held that a citizen otherwise qualified could sign a nomination petition even though he was *not* registered. In reversing the decision of the Dauphin County Court written by the late President Judge Hargest, the Supreme Court said, at page 224:

"We cannot agree with the contention which was earnestly advocated before us and which was also the opinion of the court below, that registration is an essential qualification of an elector. The reference which is made to registration in the first paragraph of the section of the Constitution just quoted does not require such a narrow construction of the phrase 'qualified elector.' *Registration may be and usually is prerequisite to voting, but it is not a qualification for the exercise of the franchise.* No attorney is permitted to argue before the bar of this court without being formally admitted, yet no one would contend that the mere motion for admission constitutes a qualification for practice. The same reasoning applies to registration for voting.

"This interpretation is supported by the wording of section 8 of the Act of 1913, supra, which states, interalia: 'No nomination petition shall be refused or set aside except for . . . (c) Want of a sufficient number

of genuine signatures of persons qualified, with respect to age, sex, residence, and citizenship to be electors.'

"Here are the qualifications specifically set out, and registration is not mentioned as one of them. *Unless the legislature sees fit to add registration to the list,* we cannot declare it to be so." (Italics supplied.)

To overcome the effect of the Sullivan decision, the legislature by the Act of April 25, 1935, P. L. 83. amended the Act of 1913, supra, and imposed the requirement that a *signer* of a nomination petition must be a registered and enrolled member of the designated party. This condition is continued in the Pennsylvania Election Code of 1937, supra. Section 912 (*d*) thereof, as amended, 25 PS §2872, provides that nomination petitions of a candidate for the office of Representative in the General Assembly at primaries shall be signed "by at least one hundred registered and enrolled members of the proper party, . . ."

Section 102 (*u*) of the Pennsylvania Election Code, as amended, 25 PS §2602 (*u*), defines a *"registered and enrolled member of a political party"* as: . . . "any qualified elector who shall be registered according to political designation, in accordance with the provisions of the registration acts."

Subsection (*t*) of the same section defines "qualified elector" as: . . . "any person who shall possess all of the qualifications for voting now or hereafter *prescribed by the Constitution* of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election."

Section 701 of the Pennsylvania Election Code of 1937, 25 PS §2811, requires as a qualification for voting that the elector "has complied with the provisions of the acts requiring and regulating the *registration* of electors".

The Permanent Registration Act for Boroughs Towns and Townships of April 29, 1937, P. L. 487, section 2($k$), 25 PS §951-2, declares that: "(k) 'qualified elector' shall mean any person who shall possess all of the qualifications for voting now or hereafter *prescribed by the Constitution* of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election."

It is *highly significant* that no registration qualification has been imposed by any statute upon the circulator of a nomination petition. Consequently, the ground upon which the Supreme Court based its decision in the Sullivan case is pertinent here. It is true that our appellate courts have required that persons be registered before signing local option referendum petitions under the Liquor Control Act and the Beverage License Act (Aukamp v. Diehm, 336 Pa. 118 (1939)) as well as those signing petitions to place on the ballot the question of annexing a portion of a township to a borough: Castle Shannon Borough Annexation Case, 160 Pa. Superior Ct. 475 (1947).

In these cases the court carefully construed the language of the General Assembly to discover the legislative intent behind the statutes under consideration. In the instant case, however, we think the legislative intent when section 909 of the Pennsylvania Election Code of 1937 was adopted, was that signers of nomination petitions should be registered and enrolled members of the particular party in question but that a mere circulator of a candidate's petition, who is in fact nothing more than the messenger of the candidate, possessing the required constitutional qualifications of age, citizenship and residence need not be registered in order to make the affidavit to such petition as "a qualified elector". If the legislative intent had been that a circulator must also be a registered

and enrolled member of the designated political party it could and undoubtedly would have been so provided. It certainly was not an oversight since both subjects are referred to in the same section of the Pennsylvania Election Code.

Counsel for the objector cites our decision in re Smiley Nomination Petition, 84 D. & C. 323, 63 Dauph. 275 (1952). In that case we determined the validity of certain signatures to a nomination petition. This court found that the *signers* of such a petition must be properly registered to vote at the time of signing in accordance not only with the Pennsylvania Election Code, but with the Permanent Registration Acts of 1937. In arriving at our conclusion as to the meaning of the words "qualified electors" *with respect to such signers*, we considered only section 912 of the Pennsylvania Election Code and not the problem now before the court which involves an interpretation of the term "qualified elector" as used in section 909 with respect to a *circulator* of a nomination petition.

Even if we should assume arguendo that the circulator's affidavit in the instant case is defective, it would seem that the respondent-candidate should be permitted to amend his nomination petition by appending thereto proper affidavits of qualified registered and enrolled electors who know the facts with respect to the 34 signatures that appear on the sheet (exhibit A) to which the disputed affidavit of the circulator, Carmella Williams, was appended. See Frank Petition, 173 Pa. Superior Ct. 400, (1953), affirming 4 Lebanon 159, Ehrgood, P. J., and In Re: Nomination Papers of Bauman, 46 Dauph. 37 (1938), Richards, P. J., Specially Presiding. If these 34 signatures are added to certain undisputed signatures appearing on an accompanying sheet (exhibit B) circulated by Susan Hunter, the nomination petition will contain more than the required number of valid signatures. We

were of the opinion, however, when we made the order in this case that the interesting question raised by the objector should be decided on its merits rather than by allowing an amendment. Consequently, for the reasons above stated, we dismissed the objector's petition to set aside the aforesaid nomination petition of Clarence Williams.