## PHILIP EASTWOOD v. JOSEPH L. DONOVAN, SECRETARY OF STATE. AL BERGSTEN, INTERVENOR.

105 N. W. (2d) 686.

October 17, 1960—No. 38,263.

*Philip Eastwood* and *Cummins, Cummins, Hammond, Cummins & O'Brien,* for petitioner.

*Walter F. Mondale,* Attorney General, and *Harold J. Soderberg,* Assistant Attorney General, for respondent.

*Jerome E. Kline,* for intervenor.

KNUTSON, JUSTICE.

This is an original proceeding commenced in this court upon a petition for a writ of mandamus to compel the secretary of state to remove the name of Al Bergsten from the ballot for election as representative to Congress from the third congressional district of the State of Minnesota at the general election to be held on November 8, 1960.

On September 29 and 30, 1960, a petition for the nomination of Al Bergsten, purporting to have been signed by 1,729 electors of the third congressional district, was filed with respondent, Joseph L. Donovan, secretary of state, under and pursuant to Minn. St. 202.11, et seq. Petitioner, as a voter and elector of the third congressional district, challenges the sufficiency of the petition on the ground that it lacks the requisite 1,000 signers necessary under § 202.09, subd. 1, which reads:

"After the holding of the regular primary election a petition for nomination of a candidate may be signed by electors resident within the district or political division from which the candidate is presented, as follows:

\*     \*     \*     \*     \*

"(b) If for a congressional or judicial district office, by five percent of the entire vote cast in the district at the last preceding general election, or 1,000, whichever is the lesser."

Existing statutes make it virtually impossible to have a case of this kind heard and determined on the merits. Section 202.11, subd. 2, provides that no person may sign a nominating petition until after the date of the primary election. Under § 202.13, subd. 1, such nominating petition must be filed on or before 39 days before the general election. In view of the large number of names required, such petition frequently is not filed until the last day on which that may be done. Such was the case here. The time required to check out all names on such petition makes it difficult, if not impossible, to bring

the matter into court in time so that a trial of the claims of the parties may be adequately heard and determined. A decision in such case must be rendered in time so that ballots may be printed and mailed to absentee voters all over the world. If we are to avoid disenfranchisement of such absentee voters, it is apparent that the time allowed for trial and determination of fact issues is wholly insufficient. It would seem to us that this difficulty merits the careful consideration of the legislature. Either nominating petitions should be filed sufficiently long in advance of the election to permit an adequate challenge of an insufficient petition or they should be abolished entirely. The only other alternative is for this court to refuse to entertain such petition on the ground that we are denied an opportunity of adequately considering it.

However, this case can be disposed of on a question of law. Petitioner contends that the word "electors," as used in § 202.09, subd. 1, means registered voters. It is conceded that if "electors" means all those who have the constitutional right to vote, whether they take the required steps to exercise that right by registering or not, the petition must be denied.

While this question is one of first impression in this court, it has been frequently passed upon by courts of other jurisdictions. The general rule is stated in 18 Am. Jur., Elections, § 43, as follows:

"The word 'elector' is a generic term descriptive of a citizen having constitutional and statutory qualifications that enable or entitle him to vote. It is sometimes used as synonymous with 'voter.' It includes not only those who vote, but those who are qualified, yet fail to exercise the right of suffrage."

In 29 C. J. S., Elections, § 1g, we find the following:

"The word 'elector' is a technical, generic term, descriptive of a citizen having constitutional and statutory qualifications that enable him to vote, and including not only those who vote but also those who are qualified yet fail to exercise the right of franchise.

\* \* \* \* \*

"\* \* \* Where the word 'elector' or 'electors' is used in a statute it must be given its generally accepted, natural and accurate meaning.

When used without qualification or explanation, it must be presumed that the legislature meant the electors qualified by law to vote; the persons authorized by the constitution to exercise the elective franchise."

In connection with the qualification of signers of a nominating petition, we find the following in 29 C. J. S., Elections, § 110:

"Except under statute providing otherwise, it is not necessary that the signers of a nominating petition be registered voters, provided, of course, they are otherwise qualified to vote; * * *."

"Elector" is defined in Webster's New International Dictionary (2 ed.) (1960) p. 825, as follows:

"One who elects, or has the right of choice; specif., a person entitled to vote."

Black, Law Dictionary (4 ed.) p. 610, defines "elector" as—

"A duly qualified voter; one who has a vote in the choice of any officer; a constituent. * * * One who elects or has the right of choice, or who has the right to vote for any functionary, or for the adoption of any measure. * * * In a narrower sense, one who has the general right to vote, and the right to vote for public officers."

In Piuser v. City of Sioux City, 220 Iowa 308, 313, 262 N. W. 551, 554, 100 A. L. R. 1298, 1302, where much the same question was presented to the Iowa court, the court said:

"* * * It is the further contention of appellant that only those names on the petition that correspond with like names on the registration records can be considered, and that in determining the sufficiency of this petition the registration records must be the controlling factor, * * *.

"* * * The language used clearly indicates that one may be a qualified voter although not registered, and that one may not vote unless registered even though a qualified voter. We think it is generally recognized that, as said in 20 C. J. 81, 'registration is a regulation of the exercise of the right of suffrage and not a qualification for such right.' * * *

* * * * *

"* * * That any one who possesses the qualifications set out in this provision of our Constitution is a qualified elector, we think there can be no doubt."

In State ex rel. Blair v. Brooks, 17 Wyo. 344, 354, 99 P. 874, 875, 22 L.R.A. (N.S.) 478, 485, the Wyoming court said:

"* * * The word elector is generic. It includes not only those who vote but those who are qualified yet fail to exercise the right of franchise."

In Sullivan's Petition, 307 Pa. 221, 224, 160 A. 853, 854, the Pennsylvania court, in a proceeding very similar to the one now before us, said:

"We cannot agree with the contention which was earnestly advocated before us and which was also the opinion of the court below, that registration is an essential qualification of an elector. * * * Registration may be and usually is prerequisite to voting, but it is not a qualification for the exercise of the franchise."

Many other cases could be cited in support of the same view. See, 14 Wd. & Phr. (Perm. ed.) p. 325; Annotation, 100 A. L. R. 1308.

Registration as a prerequisite to the right to vote is not required in all voting districts in this state. As a matter of fact, it is not required in the city of Coon Rapids or the county of Isanti, both of which are within the third congressional district. Registration does not affect the qualification of a citizen to vote but is simply a legislative requirement enacted to further the orderly conduct of an election, and it also acts as a check on possible duplicate voting. An elector may or may not exercise his right to vote by registering, where it is required, but he is nonetheless an elector whether he exercises his right to vote or not.

We think that it is clear that "elector," as used in the statutory provision under consideration, means one who has a constitutional and statutory right to vote, whether or not such right is exercised by registration. It is apparent from our statutes that one who registered and voted at the primary election is ineligible to sign a nominating petition. If the legislature had intended to make registration a necessary qualification for signing a nominating petition, it could easily have said so.

Not having done so, we should not read it into the statute but should construe the word "elector" so as to give it its usual and ordinary meaning.

We are therefore convinced that petitioner has failed to establish that the petition lacks the requisite number of signers and that the petition for a writ of mandamus must be denied.

So ordered.