## Tumolo Nomination

*Herbert Salus,* for petitioner.
*Robert Sugarman,* for respondent.

GREENBERG, J., October 1, 1969.—We have before us two petitions to set aside the nomination papers of Nick Tumolo as candidate for councilman for the First Councilmanic District of Philadelphia in a special election to be held on November 4, 1969, to fill a vacancy in said office. Mr. Tumolo, respondent herein, has also filed a motion to strike the petition filed herein by William J. Devlin and William Cottrell. For the reasons set forth below, we have found it unnecessary to rule either upon the petition of Devlin and Cottrell or upon respondent's motion to strike said petition. Both said petition and said motion are therefore dismissed as moot.

A petition to set aside respondent's nomination papers has also been filed by Natale F. Carabello. Testimony was taken and argument heard on this petition, including the amendment allowed by the court at the hearing, adding to the petition the objection that signers of the nominating papers were not qualified voters in that they were not registered to vote.

As agreed by all parties, the total number of signatures contained in respondent's nomination papers was 707. Pursuant to the requirements of section 951 of the Pennsylvania Election Code of June 3, 1937,

P. L. 1333, 25 PS §2911, it was also agreed that the signatures of at least 602 qualified electors must appear on said papers, in order for it to be valid.

Petitioner has objected to respondent's nomination papers on the ground that a certain number of the signers of said papers were not "qualified electors," since they were not registered to vote. We sustain petitioner's objections in this regard. In so doing, we reject respondent's construction of the term "qualified electors," as referred to in section 951 of the Pennsylvania Election Code. Respondent has contended that a "qualified elector" need not be a registered voter, but rather need only meet all other criteria which would qualify him to vote, such as age, residency, etc. We find this distinction to be without merit, for we feel that the requirement of signatures by "qualified electors" upon a nomination paper would be meaningless unless the term was construed to refer to one who could elect. See Aukamp v. Diehm, 336 Pa. 118 (1939); Castle Shannon Borough Annexation Case, 160 Pa. Superior Ct. 475 (1947); Gordon Nomination Petition, 85 Dauph. 119 (1966); Dietrich Nomination Petition, 37 Northumb. 109; Petition of Rovitto, 113 Pitts. L.J. 465 (1965). The fact that signers are registered clearly shows that they are "qualified electors." In the absence of this, there is no evidence that they are qualified when their qualifications are objected to, as is the case here.

Petitioner has also objected to respondent's failure to comply with the statutory requirements regarding the appellation which must appear on the nomination papers. Section 952 of the Pennsylvania Election Code, 25 PS §2912, explicitly states that "All nomination papers shall specify . . . (a) The name or appellation of the political party which the candidates nominated thereby represent . . ." An appellation was not included in the space provided on nine of

respondent's 11 petitions. Testimony on this point revealed that respondent enjoyed a long association with the Democratic Party in the first district as committeeman and as a candidate for various offices and that this was well known among residents of the area.

Accordingly, unless there was a party appellation upon the petitions before they were given to prospective signers, the probability of confusion and deception was present. This is just what the statute was intended to prevent and thus such a petition is invalid. See Stern Nomination Papers, 65 D. & C. 64 (1948).

Although respondent and two witnesses testified that they told some signers that Mr. Tumolo was "running on his own," they could not state this as to all the signers, in addition to which, there was testimony from respondent himself that there was no need to say anything to many of the persons contacted, since they knew him and knew of his political activity and affiliation. Respondent's evidence was insufficient to negate the probability of deception and confusion. This is not the situation where affidavits or testimony eliminated this problem, as was the case in Petition of Boney, 110 Pitts. L.J. 186 (1962).

Accordingly, we sustain petitioner's objection to the nominating petitions in this respect.

One nomination paper contained in the appellation a word which appears to be the word "Democratic," and petitioner has objected to this paper on the ground that it is deceptively similar to the Democratic Party label. Although there was a conflict in testimony as to whether said appellation appeared on the paper when filed, we found the testimony of the employe of the office of the City Commissioners to be more credible than that presented by respondent. This employe had no interest in the outcome of the proceedings and described in detail why he remembers the particular petition filed by respondent and

what was on it when it was filed. We find, therefore, that the word "Democratic" appeared as the appellation on said nomination paper *before* it was filed, and that this fact rendered said paper invalid as "deceptively similar" to the appellation of another political body which had filed in the election: 25 PS §2912.

Although, as previously stated, there is no need to rule on the petition filed by Cottrell and Devlin, we do wish to comment on one point raised in that petition. With respect to the signatures challenged by these petitioners as not having been signed by the elector whose signature they purport to be, we find that where the objection was to isolated signatures in various petitions as distinguished from objection to a group of signatures either of one family in one petition or of a group of residents of the same address on one petition, the defect was amendable. Due to the fact that respondent was not advised of the names in this particular group in sufficient time for him to verify them with the signers, we find that this is an amendable defect which does not require testimony to amend, so that these signatures are valid. In making this comment, we caution that it applies only to the situation, even in the limited category mentioned, in which there is no testimony adduced to the effect that the signature on the nominating petition does not conform to the signature on the registration affidavit of that elector.

Although not essential to our ruling in this matter, we are constrained to comment on the many defects which were present in respondent's nomination papers. Names and addresses of signers were stricken from the papers, and the signatures of several persons were clearly in the same handwriting. Particularly

conspicuous were obvious errors in the designation of signers' employment, such as where "William Badey's" employment was designated as "housewife." It is obvious to us, after hearing all of the testimony, that Mr. Tumolo and the other nomination petition circulators, at the very least, were extremely careless and negligent in preparing the petitions, obtaining signatures, and in filing them with the city commissioners' office. In so conducting themselves, they failed to comply with the law in several respects.

The right of an individual to offer himself as a candidate for public office is one of the most fundamental attributes of citizenship under our form of government and such a privilege will not be lightly denied. We agree, therefore, that the law in this area should be construed liberally to allow qualified potential candidates to run for election. However, the legislature has enacted certain rules, embodied in the Pennsylvania Election Code, which circumscribe the proper exercise of this privilege and seek to protect this sacred right from abuse. We strongly feel that an individual, such as respondent herein, who fails to demonstrate any real desire to comply with these rules, has abused the privilege of running for public office and, therefore, should be denied the right to do so.

Accordingly, for the reasons and findings recited above, we enter the following order.

## ORDER

And now, to wit, October 1, 1969, the nomination papers of Nick Tumolo as candidate for the office of councilman for the First Councilmanic District of Philadelphia are hereby set aside. The costs of this proceeding shall be paid by respondent, Nick Tumolo.