Frank Petition.

Argued April 14, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Allen H. Krause,* for appellant.

*William H. Egli,* with him *G. Thomas Gates,* for appellee.

PER CURIAM, April 15, 1953:
The Order of the court below is affirmed at appellant's costs. The opinion of this Court will be filed at a subsequent date.

OPINION BY RENO, J., July 14, 1953:
Pursuant to the Pennsylvania Election Code of June 3, 1937, P. L. 1333, §977, as amended, 25 P.S. §2937, Charles F. Schwab, a candidate for the Republican nomination for Coroner of Lebanon County, filed objections to the nomination petition of his opponent, Dr. Patrick J. Frank.[1] The objections were dismissed and Schwab appealed.

---

[1] Richard A. Basselgia was joined with Schwab as an objecting petitioner but he withdrew his objections and also as a candidate for the nomination before the court below adjudicated the controversy.

Frank's petition consisted of 2 sheets; one contained 92 signatures; and the other 46 signatures; a total of 138, more than the number required to qualify him as a candidate for a county office. Election Code, supra, §912, as amended, 25 P.S. §2872. There is no dispute as to the genuineness of the signatures nor as to their qualifications of the signers as members of the Republican Party. The controversy relates solely to the verification of the petitions.

Each of the two sheets was verified by Frank's oath in accordance with the Code, supra, §909, 25 P.S. §2869: ". . . Each sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth—(a) that the affiant is a qualified elector of the State, or of the political district, as the case may be, referred to in said petition; (b) his residence, giving city, borough or township, with street and number, if any; (c) that the signers thereto signed with full knowledge of the contents of the petition; (d) that their respective residences are correctly stated therein; (e) that they all reside in the county named in the affidavit; (f) that each signed on the date set opposite his name; and (g) that, to the best of affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled members of the designated party of the State, or of the political district, as the case may be."

Frank did not secure all the signatures; some were secured by his fifteen year old son, who acted as his father's messenger in securing the signatures of certain electors designated by the father; and others by his friends. Under cross-examination, he estimated that he had personally secured 110 signatures but on direct examination he made no estimate. The court below concluded that Frank and his son, between them, secured

103 signatures. And, in any event, the genuineness of all the signatures is conceded and Frank testified that he knew all the signatories were qualified Republican electors of the county.

It will have been noted that §909, supra, does not require that the affiant shall have been personally present when the signatures were affixed to the petition. It does require knowledge on his part: "(c) that the signers thereto signed with full knowledge of the contents of the petition; (d) that their respective residences are correctly stated therein; (e) that they all reside in the county named in the affidavit; (f) that each signed on the date set opposite his name; and (g) that, to the best of affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled members of the designated party of the State, or of the political district, as the case may be". The testimony establishes that Frank had knowledge of these factors, and upon that ground the court below based its dismissal.

The case resembles *Socialist Labor Case,* 332 Pa. 78, 83, 84, 1 A. 2d 831. There nomination papers, not petitions, were questioned, but the provisions relating to nomination papers are similar to those relating to nomination petitions. Election Code, supra, §951(d), 25 P.S. §2911. There, too, the competency of the affiants was challenged and it appeared that "One of the two persons whose affidavits are challenged admitted that in the papers containing eight hundred and seventy names, he had personal knowledge of twenty-two, and the other affiant that he had personal knowledge of but a dozen of six hundred and sixty signers. The other names were obtained from strangers and passersby." In those circumstances the Supreme Court held: "The legislature did not intend to make it impossible to file nomination petitions or papers to secure a place

on the ballot, but it certainly intended that affiants should possess more acquaintance with the facts sworn to than is here expressed. It would be better that the affiant actually take the papers around for signature, and have some personal knowledge or direct information from the signers of the requirements of this section before the necessary affidavits are filed."

The rationale of the decision is that, while it would be better that the circulator of the petitions make the required affidavit, neither §909 nor §951(d) definitely commands it. It is enough, under the terms of the statute, that the affiant have knowledge of the facts set out in §909, and Frank has amply shown that he possessed that information.