## Miller's Nomination Petition

Before McNaugher, P. J., Olbum and Aldisert, JJ.

*Shields, Watson & Washington,* for exceptant.

*Wilner, Wilner & Kuhn,* contra.

ALDISERT, J., April 18, 1962.—The narrow issue before the court involves the latest amendment to the

Pennsylvania Election Code which requires the circulator of a nomination petition to file an affidavit setting forth that he is a member of the political party designated in the petition.

We must decide at what point in time this membership is required. Must the circulator be a party member when he obtains the signatures? Or is it sufficient that he be a member at the time the affidavit is executed?

The problem is presented to us by a petition filed under section 977 of the Election Code of June 3, 1937, P. L. 1333, 25 PS §2937, by Linn B. Washington, who has challenged the nomination petition of Ralph V. Miller, candidate for Democratic county committeeman for the Fifth District of the Thirteenth Ward of the City of Pittsburgh. There is no dispute over the essential facts. Mr. Miller was a Republican on March 7 and 8, 1962, when some of the signatures affixed to his petition were obtained. On March 9, he changed his registration to Democratic. Later that same day, after the change of registration, he executed the circulator's affidavit.

This affidavit, in printed form on the petition blank furnished by the Allegheny County Board of Elections, contained the language required by the 1961 amendment to the Election Code which provides:

". . . Each sheet [of the nomination petition] shall have appended thereto the affidavit of the circulator of each sheet, setting forth—(a) that he or she is a qualified elector duly registered and enrolled as a member of the designated party of the State, or the political district, as the case may be, referred to in said petition . . .", as amended September 15, 1961, P. L. 1327, No. 584, §1, effective August 1, 1961 (25 PS §2869).

After the challenging petition was filed, a hearing was held before Judge Ruggero J. Aldisert who, by

order dated March 29, 1962, dismissed the challenging petition and upheld the nomination petition of Mr. Miller. The case is now before this special court en banc for consideration of exceptions which were filed to the order of the hearing judge by the challenging petitioner, Mr. Washington.

This is the first judicial construction of the new amendment and we are obliged to look to the specific language of the statute and the rationale adopted by the courts in construing the Election Code.

In its construction of the predecessor section of the Code (Act of June 3, 1937, sec. 909), which required an affidavit that the signatories be members of the party, but did not require that the circulator belong as well, the Superior Court held in In re Frank, 173 Pa. Superior Ct. 400, 98 A. 2d 255, that the circulator did not have to be personally present when the signatures were affixed to the petition. The court said all that was necessary was that the affiant have knowledge of the facts set forth in section 909 of the Code; that the signers signed with full knowledge of the contents of the petition; that their respective residences are correctly stated therein; that they all reside in the county named in the affidavit; that each signed on the date set opposite his name; and that, to the best of affiant's knowledge and belief, the signers are all qualified electors and enrolled members of the designated party of the State, or of the political district, as the case may be.

The Superior Court would not read into the words of the former statute the requirement that the person who made this affidavit be the one who actually performed the physical act of circulating the petition.

This decision is consistent with the principles of construction enunciated by Judge Gordon in the Philadelphia case of Costello's Nomination, 7 D. & C. 405, in holding that a nomination petition signed by an agent

in behalf of a candidate was valid. Judge Gordon declared:

". . . While, of course, with legislation of this kind, the method of procedure laid down must be strictly followed, it may be said to be a cardinal principle of interpretation that judicial construction should be directed to according the widest possible opportunity to the citizen for the untrammeled exercise of his political rights. Where the legislature has clearly spoken, its will must be followed. But where it is silent, or its meaning susceptible of different interpretations, that should be adopted which leaves the citizen freest to act. . . ."

By applying these principles we conclude that the new amendment requires only membership in the designated political party at the time the oath is made. Had the legislature intended that the party membership be required at the time of circulation, or at some other time, it could have easily so stated.

We find no difficulty in reaching this conclusion. We know of no situation where an affidavit speaks of a time other than the instant it is made, unless the contrary is written into the body of the affidavit.

The case of In re Smiley Nomination Petition, 84 D. & C. 323, cited by the challenging petitioner, stands for the proposition that the signers of a nomination petition must be properly registered and enrolled at the time they sign the petition. The time of doing the act was the controlling circumstance in the Smiley case.

We likewise hold that the time of doing the act is the controlling circumstance in the case before us. At the time Mr. Miller performed the act, i.e., executed the affidavit, he was a member of the Democratic party. He met the requirement set forth by the statute.

Accordingly, we dismiss the exceptions filed to the order of the hearing judge.