## Martin Nomination Petition.

Argued April 24, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William C. Ferguson, Jr.,* with him *Thomas R. Balaban, Frank F. Truscott,* and *Truscott and Erisman,* for appellant.

*Edward R. Becker,* with him *Robert Baer Cohen, Harry P. Begier, Jr., John J. Poserina, Jr., Herbert W. Salus, Jr.* and *William Austin Meehan,* for appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1969:

James J. Martin (appellant) filed nominating petitions for the Republican nomination for the office of Judge of the Court of Common Pleas of Philadelphia County. Appellant submitted five petitions containing a total of 241 signatures, 41 more than the total required to secure a position on the ballot for the May 20, 1969, primary. On all five petitions the circulator's affidavit was signed by the appellant, although the signatures on only three of the petitions were actually collected by the appellant. Two of the petitions were circulated by Leo and Margurite Boyle, appellant's sister and brother-in-law, and by Alvion P. Mosier, a Republican committeeman who circulated the petition at the request of a friend of appellant. Objections were filed to the five petitions and a hearing was held before Judge R. DIXON HERMAN of the Dauphin County Court of Common Pleas on April 10.

Judge HERMAN held that 32 of the signatures were invalid either because the signators were not registered Republicans or because the signatures were not signed

by the persons whose signatures they purported to be. Judge HERMAN held that these signatures could not be amended, so that appellant was left with only 209 signatures. Judge HERMAN also held that certain amendments would have to be made before he would accept the petitions. One of the stipulated amendments was that Boyle and Mosier would sign circulator's affidavits. Judge HERMAN allowed appellant four days in which to make the requisite amendments.

On April 14, appellant appeared before Judge HERMAN with a circulator's affidavit signed by Boyle. He reported, however, that when asked, Mosier refused to sign an affidavit. Since the Mosier petition contained 81 signatures, appellant no longer had the required number of signatures. Under these circumstances, the court ruled that his name must be stricken from the ballot. Appellant then filed a petition for certiorari under Rule 68½, which we granted.

Mosier testified at the first hearing held before Judge HERMAN on April 10. He stated that he personally circulated the petition; that he knew personally every person who signed the petition, although all persons did not sign in his presence; that, when asked, he answered any questions concerning the nomination petition; that in all cases he knew the addresses of the signators and that all resided within his division of the 21st ward; and that in all cases he knew that the signators were registered Republicans.

Section 951 of the Election Code states in pertinent part: "Each [nomination petition] shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth—(1) that the affiant is a qualified elector of the State, or of the electoral district, as the case may be, referred to in the nomination paper; (2) his residence . . . (3) that the signers signed with full

knowledge of the contents of the nomination paper; (4) that their respective residences are correctly stated therein; (5) that they all reside in the county named in the affidavit; (6) that each signed on the date set opposite his name; and (7) that, to the best of the affiant's knowledge and belief, the signers are qualified electors of the State, or of the electoral district, as the case may be." Act of June 3, 1937, P. L. 1333, art. IX, §951, as amended, 25 P.S. §2911 (d).

We hold that, under the circumstances of this case, Mosier's sworn testimony before Judge HERMAN suffices to meet the requirements of Section 951 even though he never signed a circulator's affidavit. In his testimony, Mosier demonstrated that he had personal knowledge of all the information required of one who circulates a nomination petition. See: *Socialist Labor Case,* 332 Pa. 78, 83, 84, 1 A. 2d 831 (1938); *Frank Petition,* 173 Pa. Superior Ct. 400, 98 A. 2d 255 (1953); *In Re: Petition of DiMarcella,* 78 Dauphin Cty. R. 388 (1962). We are loathe to hold that appellant's right to run for Judge of the Court of Common Pleas is lost because one of his petition circulators failed to sign the required affidavit but nevertheless testified in open court as to all the facts a circulator is required to know. An individual's right to seek public office should not be defeated by such technicalities.

Order reversed.

Mr. Justice ROBERTS dissents.