In Re: Petitions for Local Option Election in Slippery Rock Borough Regarding Granting Liquor Licenses for Sale of Liquor. Ralph T. Taylor, Appellant.

In Re: Petitions for Local Option Election in Slippery Rock Borough Regarding Granting Malt and Brewed Beverages Retail Dispenser Licenses for Consumption on Premises Where Sold. Ralph T. Taylor, Appellant.

Argued June 6, 1979, before President Judge Bow-MAN and Judges CRUMLISH, JR., MENCER, BLATT, DI-SALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*Thomas M. Kiermaier*, with him *Kiermaier & Hepting*, for appellant.

*Thomas W. King, III*, with him *Dillon, McCand-less, King & Kemper*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 28, 1979:

The Butler County Common Pleas Court set aside two Local Referendum Petitions[1] filed by Ralph T. Taylor because of material defects in the circulator's affidavit. Taylor appeals. We affirm.

---

[1] Petitions related to the granting of license for retail sale and on-premise consumption of liquor and malt beverages in Slippery Rock Borough and were being sought pursuant to Section 472 of The Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-472.

Article IX, Section 909 of the Pennsylvania Election Code,[2] requires, *inter alia*, that election petitions shall have appended thereto the affidavit of the circulator, stating:

    (a)   that he or she is a qualified elector ...;

    (b)   his residence, giving city, borough or township ...;

    (c)   that the signers thereto signed with full knowledge of the contents of the petition.[3]

The record tells us that Taylor did not personally obtain all the signatures; that two of the circulators were not qualified electors; and that he did not know whether the signers were aware of the nature of the petition.

The Election Code does not require the individual who actually circulates the petition to make the required affirmation, but the affiant must have knowledge of the qualifying facts enunciated in Section 909. *DeFino Nomination Petition*, 25 Pa. Commonwealth Ct. 646, 362 A.2d 467 (1976). Taylor, by his own admission, was unaware of the vital facts required by Section 909(c):

    Q.   Number two, you cannot say that you know that each of the signers of those petitions signed with full knowledge of the contents, can you?

    A.   No sir, I can't.

    Q.   So, in effect, what you're saying, the statement on the affidavit is not entirely correct, is it?

    A.   What I read, no. I can't honestly say I witnessed every signature and each individual knew what he or she was signing, that's all I can say.

---

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2869.

[3] *Id.*

Taylor, arguing the guise of free exercise of choice, contends that, in the absence of fraud or intentional misconduct, an election petition may not be set aside. This dilution of the right of free and independent choice, it seems to us, ultimately destroys the right he seeks to assert.

We have on several occasions noted our distress by observing the careless and indifferent manner in which election petitions are prepared and signed. While we are reluctant to invalidate petitions because of technicalities, this alarming disregard of the legislative mandates cannot be tolerated. The petitions before us have been circulated in an irresponsible manner and must be struck down. Suffice it to say in closing that referendum and nomination petitions are the cornerstone of our representative form of government, and the strictures imposed by the legislature must not be treated cavalierly.

Taylor has materially departed from the requirements of Section 909 of the Election Code.

Accordingly, we

ORDER

AND Now, this 28th day of September, 1979, the order of the Court of Common Pleas of Butler County entered March 23, 1979, is affirmed.