539 A.2d 923

In Re: Nomination Petition of John F. Street, 1812 Diamond Street as Democratic Candidate for the Office of Member of the Ward Executive Committee for the 32nd Ward, 11th Division. Christine Harris, Appellant.

In Re: Nomination Petition of Charles H. Dowling, 2007 N. Gratz Street as Democratic Candidate for the Office of Member of the Ward Executive Committee for the 32nd Ward, 11th Division. Christine Harris, Appellant.

Argued March 30, 1988, before Judge COLINS and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Almanina Barbour,* for appellant.

*Karen S. Kelly, White, McClellan & Singley,* for appellees.

OPINION BY SENIOR JUDGE BARBIERI, March 31, 1988:

This is an appeal from the orders of the Court of Common Pleas of Philadelphia dismissing the objections of Christine Harris (Objector) to the nomination petitions of John F. Street and Charles H. Dowling for membership in the Ward Executive Committee of the Democratic Party for the Thirty-Second Ward of the City of Philadelphia. The two cases have been consolidated for argument before this Court. We reverse the trial court and set aside the nomination petitions of both candidates for failure to comply with Section 909 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2869.

Both candidates filed nomination petitions bearing the signature of Charles Dowling as circulator and affiant. The affidavit of Charles Dowling was witnessed by a notary who failed to impress her notary seal on either of the documents. Two of the electors who signed both petitions testified that the person who circulated the petitions to them was not Charles Dowling, but his brother Gerald Dowling, and that they did not see the circulator Charles Dowling when they signed the petitions and could not state whether he was present or not. Neither candidate presented any evidence before the trial court or made a motion to amend the defective circulator's affidavit.

Section 909 of the Election Code, requires, *inter alia*, that election petitions shall have appended thereto the affidavit of the circular, stating:

(a)   that he or she is a qualified elector. . . . ;

(b)   his residence, giving city, borough or township. . . . ;

(c)   that the signers thereto signed with full knowledge of the contents of the petition.

The record in this case is undisputed that the circulator and affiant did not personally obtain all the signatures on the petitions. While the Election Code does not require the individual who actually circulates the petition to make the required affirmation, the affiant must have knowledge of the qualifying facts enunciated in Section 909. *In Re Glazier,* 474 Pa. 251, 378 A.2d 314 (1977); *In Re: Petitions for Local Option Election in Slippery Rock Borough,* 46 Pa. Commonwealth Ct. 260, 406 A.2d 1168 (1979); *In Re: Nomination Petition of DeFino,* 25 Pa. Commonwealth Ct. 646, 362 A.2d 467 (1976).

The affiant did not testify in this case. Neither candidate offered any evidence that the affiant had any knowledge of the signatures that it is uncontradicted he

did not personally obtain. We are bound by our Supreme Court's decision in *In Re Glazier* that this constitutes a material defect in the petition rendering the disputed sheets invalid and thus invalidating the signatures contained thereon. We are therefore compelled to set aside the nomination petitions of John F. Street and Charles H. Dowling.

## ORDER

Now, March 31st, 1988, the orders of the Court of Common Pleas of Philadelphia at Nos. 5114 and 5117 of 1988, both dated February 29, 1988, are reversed, and the nomination petitions of John F. Street and Charles H. Dowling as Democratic Candidates for the Office of Member of the Ward Executive Committee for the Thirty-Second Ward of the City of Philadelphia are hereby set aside. The Philadelphia County Board of Elections is directed not to certify the names of said candidates for said office at the 1988 Primary Election, to be held April 26, 1988. The Prothonotary is directed to notify forthwith the parties hereto, or their counsel.