573 A.2d 638

**In re NOMINATION PETITION OF Randa SHANNON.**

**Petition of Mary Jane KOPICKI.**

Commonwealth Court of Pennsylvania.

Argued March 21 and 22, 1990.

Decided April 3, 1990.

Publication Ordered April 30, 1990.

498

Karen M. Balaban, Harrisburg, for petitioner.

Jonathan B. Robison, Pittsburgh, Robison & Golden, for respondent.

## OPINION

BARRY, Senior Judge.

Mary Jane Kopicki (Kopicki) filed timely objections to the nomination petition of Randa Shannon (Shannon), who filed as a candidate for the office of senator in the general assembly for the 38th senatorial district in the 1990 primary election. Kopicki is a registered Democratic elector in the 38th senatorial district. This opinion is in support of the order entered on March 27, 1990, setting aside Randa Shannon's nomination petition.

To be placed on the ballot, Shannon had to submit a nomination petition containing the valid signatures of 500 Democratic electors from the 38th senatorial district. Section 912.1 of the Pennsylvania Election Code (Election Code) [1], 25 P.S. § 2872.1. The petition submitted by Shannon contains 816 signatures. Consequently, Kopicki had to

1. Act of June 3, 1937, P.L. 1333, *as amended.*

disqualify 317 of the purported electors in order to strike the petition.

Preliminarily, the court notes that it is mindful of the opinion by the Pennsylvania Supreme Court in *In Re: Nomination Petition of Ross*, 411 Pa. 45, 190 A.2d 719 (1963), which instructs that the Election Code is to be liberally construed so as not to deprive an individual of his right to run for office or the voters of their right to elect the candidate of their choice. Liberal construction of the Election Code, however, does not mean that it must be disregarded in order to assure a candidate the right to run for office. Concomitant with the right to run for office is the obligation to file a nomination petition which is in substantial compliance with the Election Code. Specifically, the Election Code does not require this court to willingly accept a shotgun approach (i.e. collect as many signatures as possible and hope enough of the individuals are qualified electors).

Kopicki objected to Shannon's nomination petition on various grounds. A hearing on the objections was held on March 21, 1990 and March 22, 1990 in Harrisburg. Having heard the evidence, the court finds that Kopicki was successful in challenging[2] 276 of the electors' signatures on the grounds that the elector was not a member of the Democratic party who resided in the 38th senatorial district (239 signatures), that the information supplied was illegible so as to prohibit identifying the elector (8 signatures), that the elector's signature was duplicated elsewhere on the petition (1 signature), that the elector's signature was crossed off the nomination petition (2 signatures) and/or the signers of the "Affidavit of Circulator" of portions of the petition admittedly were not the actual circulators (26 signatures)[3]. The court's findings as to the specific lines stricken are set forth in the attached Appendix.

**2.** The majority of the challenges were conceded by Shannon.

**3.** Although not determinative of the outcome in this case, the court makes the following determination as to the remainder of the challenges under paragraph six of the objections:

■ In addition, Kopicki challenged the 84 signatures appearing on pages 7, 8, 9, 10, 11 and 12 of the nomination petition on the basis that Lois A. McClendon (McClendon), the circulator of those pages of the petition, was not registered to vote within the 38th senatorial district at the time she circulated the petition [4]. Indeed, McClendon testified that at the time she circulated those pages of the petition, she was registered to vote in Swissvale, an area outside the 38th senatorial district. McClendon did testify, however, that she has been living within the 38th senatorial district since August of 1989. For that reason, Shannon argued that the pages of the petition circulated by McClendon should be allowed. The court does not disbelieve McClendon's testimony that she has resided within the 38th senatorial district since August of 1989. That, however, is not enough. Section 909 of the Election Code, 25 P.S. § 2869, in pertinent part provides:

Each sheet [of the petition] shall have appended thereto the affidavit of the circulator of each sheet, setting forth—(a) that he or she is a *qualified elector duly registered and enrolled as a member* of the designated

6(a)—Challenge denied since circulator Rebecca L. Eddy is duly qualified elector in 38th senatorial district.

6(c)—Challenge denied based on testimony of circulator William Shannon that an attached flyer clearly identified the office sought and the district number on page 5 of the nomination petition.

6(f)—Challenge to printed signatures sustained, but leave to amend granted.

Except as set forth in this opinion with attached Appendix, the remainder of Kopicki's challenges under paragraph six are denied. All challenges under paragraph eight were stipulated by the parties to be amendable. Because of this court's resolution of the objections under paragraph six, amendment of the petition is moot.

4. Kopicki also challenged certain electors appearing on those pages for the additional reason that the electors are not members of the Democratic party who reside in the 38th senatorial district. On this basis, the court finds the following were not so registered:

Page 7, lines 2, 11, 13, 16, 18, 20, 21, 25, 26 and 29.
Page 8, line 11.
Page 9, lines 2, 4 and 5.
Page 10, line 9.
Page 11, line 1.
Page 12, lines 9 and 10.

party of the State, or *of the political district,* as the case may be, referred to in said petition ...; *and* (g) *that, to the best of affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled members of* the designated party of the State, or of *the political district,* as the case may be. (Emphasis supplied).

Accordingly, subsection (a) clearly permits only individuals duly registered in the 38th senatorial district as members of the Democratic party to circulate Shannon's nomination petition. *See In Re: Nomination Petition of McDermott,* 60 Pa.Commonwealth Ct. 486, 431 A.2d 1180 (1981). Because McClendon was not so registered, the petitions she circulated are invalid.

Shannon also presented testimony in an attempt to have Shannon substituted as the circulator of pages 7, 8, 9, 10, 11 and 12 of the nomination petition. Shannon testified that she was with McClendon when the disputed pages of the petition were circulated. It is undisputed that Shannon was duly registered in the 38th senatorial district as a member of the Democratic party when the petition was circulated. Consequently, Shannon requested that, pursuant to *In Re: Nomination Petition of Martin,* 435 Pa. 446, 257 A.2d 247 (1969) and *In Re: Nomination Petition of DeFino,* 25 Pa.Commonwealth Ct. 646, 362 A.2d 467 (1976), this court exercise its discretion and permit Shannon to be substituted for McClendon as the circulator of pages 7, 8, 9, 10, 11 and 12 of the petition.

▮▮▮ Whether or not to permit an amendment to a circulator's affidavit is left to the discretion of the court. *In Re: Nominating Petition of Kloiber,* 26 Pa.Commonwealth Ct. 50, 362 A.2d 484 (1976). In *Martin,* the candidate submitted a petition identifying the candidate as the circulator of each of five pages of the petition. In reality, the candidate had circulated just three of the pages. On that basis, objections to the nomination petition were filed. The actual circulator of one of the pages testified at the hearing on the objections that he was a qualified elector of

the political district and that he circulated the petition for the candidate. The trial court denied the objections but required the filing of an amended circulator's affidavit. The actual circulator refused to execute an amended circulator's affidavit and, because no amended circulator's affidavit was filed, the trial court dismissed the nomination petition. The Supreme Court reinstated the nomination petition, holding that, under those facts, the *sworn testimony* of the actual circulator *sufficed to qualify as an affidavit* within the meaning of the Election Code. Having exercised its discretion to permit an amendment to the circulator's affidavit, it was error for the trial court not to permit the sworn testimony as the amended affidavit. For that reason, the objections to the nomination petition were dismissed.

In *DeFino*, the candidate submitted a nomination petition consisting of four pages. Although each of the pages identified the candidate as the circulator, it was undisputed that the candidate personally did not circulate two of the pages. Objections to the nomination petition were filed on that basis. The candidate testified that the two pages in question were circulated by his mother or his aunt on the dates indicated and at the candidate's request. The pages were circulated in an area where the candidate was acquainted with most of the residents. Because the candidate's mother and aunt had worked at the election board, they were knowledgeable with regard to the identity of the signers and their political party affiliations. In addition, the candidate's mother and aunt had informed the candidate as to how the signatures were obtained. The candidate also testified that he was confident that he had sufficient knowledge of the validity of the various signatures and of the manner in which the signatures were obtained. The candidate's testimony was corroborated by four individual signers, each of whom stated that either the candidate's mother or aunt had obtained his or her signature on the pages in question and that the petition had been signed with full knowledge of its contents and otherwise as required by

statute. Based on this testimony, Judge Blatt found that the candidate had the requisite knowledge regarding the electors appearing on the petition so as to permit the candidate to serve as the circulator of the petition within the meaning of the Election Code.

In the present case, the court finds that there is insufficient evidence to permit the candidate to be substituted as a circulator in this case. Although the court does not disbelieve the testimony that Shannon was present at the time that McClendon circulated the questioned pages of the nomination petition, Section 909(g) of the Election Code, 25 P.S. § 2869(g) requires Shannon to show that she had the requisite knowledge of the status of the electors. The fact that Shannon submitted a nomination petition on which no less than 29% (239 of 816 signatures) of the purported electors were not members of the Democratic party who resided in the 38th senatorial district is testament to her lack of knowledge as to the status of the electors appearing on the nomination petition. Moreover, the court observes that permitting a candidate to come into court and testify that the candidate has sufficient knowledge to be substituted as the circulator of a questioned petition opens the door to fraud. Accordingly, the court is less likely to exercise its discretion to permit an amendment of the circulator's affidavit when the testimony of the circulator is not corroborated by the testimony of disinterested witnesses. Such corroborating evidence was present in *DeFino* but was not present in this case.

For the foregoing reasons, the court refuses to exercise its discretion to permit an amendment of the circulator's affidavits signed by Lois A. McClendon. Consequently, pages 7, 8, 9, 10, 11 and 12 of the nomination petition, which pages contain 84 signatures, are stricken. When these 84 signatures are combined with the 276 signatures stricken for the reasons stated on the attached Appendix, a total of 360 electors have been disqualified. This leaves a total of 456 valid electors; 44 fewer than the 500 valid signatures

required to have Shannon placed on the primary ballot as a candidate for senator in the general assembly.

## APPENDIX

| PAGE NO. | LINE NO. | REASON STRICKEN |
|---|---|---|
| 2 | 1–17 | Purported circulator did not circulate page 2 of petition.[1] |
| 3 | 1, 3, 5, 6 and 8 | Not Democratic electors from 38th senatorial district.[2] |
| 4 | 3, 4, 8, 10, 12, 13, 14, 15, 19, 20, 24, 25, 27 and 29 | Not Democratic electors from 38th senatorial district. |
|  | 11, 16, 17, 18, 21, 22, 23, 26 and 28 | Purported circulator did not obtain signatures.[3] |
| 5 | 3, 4, 5, 6, 7, 13, 15, 16 and 17 | Not Democratic electors from 38th senatorial district. |
| 6 | 3, 4, 8, 12, 13, 14, 15, 25, 26, | Not Democratic electors from 38th senatorial district. |

---

[1] This objection is set forth at 6(j) of the objections.

[2] As used throughout this Appendix, this designation includes objections under 6(d) and (e) of the objections. The designation includes those electors who, at the time they signed the petition, were not registered electors, were registered Republican, were registered nonpartisan, were registered independent, were not registered in the 38th senatorial district and/or did not reside in the 38th senatorial district.

[3] At the hearing in this matter, William Shannon testified that he obtained 20 of the 29 signatures appearing on page 4 of the nomination petition. William Shannon was unable to identify which of the 20 signatures on page 4 he obtained. Accordingly, in addition to striking the electors on page 4 who are not Democratic electors residing in the 38th senatorial district, the court is striking nine of the otherwise valid names appearing on page 4. This is done pursuant to objection 6(j).

| | | |
|---|---|---|
| | 27, 28, 34, 35, 36, 37, 43, 45, 48 and 49 | |
| 13 | 4, 9, 19, 33, 35, and 36 | Not Democratic electors from 38th senatorial district. |
| 15 | 4, 8, 10, 11, 14, 16, 17, 18, 25, 27 and 35 | Not Democratic electors from 38th senatorial district. |
| 16 | 1, 2, 9, 13, 14, 16, 18, 22, 23, 25, 26, 27, 29, 30, 31, and 35 | Not Democratic electors from 38th senatorial district. |
| | 20 and 37 | Illegible information prohibiting identification of electors.[4] |
| 17 | 5, 13, 18, 19, 23, 26 and 28 | Not Democratic electors from 38th senatorial district. |
| 18 | 4, 6, 7, 8, 9, 10, 12, 15, 16, 18, 20, 21, 28, 29, 36, 37, 43, 46 and 48 | Not Democratic electors from 38th senatorial district. |
| | 41 | Illegible information prohibiting identification of elector. |

---

[4] This objection is set forth at 6(g) of the objections.

| | | |
|---|---|---|
| 19 | 3, 4, 11, 17, 22, 25, 27, 28, 29, 33, 40, 42, 44, 45 and 46 | Not Democratic electors from 38th senatorial district. |
| 20 | 10, 12, 13, 14, 19, 21, 34, 36, 37, 40 and 41 | Not Democratic electors from 38th senatorial district. |
| 21 | 3, 4, 5, and 6 | Not Democratic electors from 38th senatorial district. |
| | 7 | Illegible information prohibiting identification of elector. |
| 23 | 1 | Not Democratic elector from 38th senatorial district. |
| 24 | 16, 19, 21, 22, 25, 29, 32, 36, 38, 41, 42, 44, and 45 | Not Democratic electors from 38th senatorial district. |
| 25 | 2, 6, 8, 9, 11, 14, 17, 18, 21, 22, 24, 30, 33, 37, 39, 40, 41 and 43 | Not Democratic electors from 38th senatorial district. |
| | 28 | Illegible information prohibiting identification of elector. |

| | | |
|---|---|---|
| 26 | 1, 2, 5, 6, 7, 9, 12, 14, 15, 17, 19, 21, 22, 23, 24, 26, 31, 34, 36, 37, 38, 40 and 44 | Not Democratic electors from 38th senatorial district. |
| | 25 | Illegible information prohibiting identification of elector. |
| 27 | 1, 2, 3, 5, 6, 7, 8, 9, 11 and 13 | Not Democratic electors from 38th senatorial district. |
| 28 | 2, 3, 4, 8, 9, 10, 11, 15, 16, 18, 20, 24, 29, 30, 32, 41, 47 and 48 | Not Democratic electors from 38th senatorial district. |
| | 7 and 21 | Signatures crossed off nomination petition.[5] |
| | 12 | Illegible information prohibiting identification of elector. |
| 29 | 2, 3, 5, 11, 12, 14, 19, 20, 21, 23, 24, | Not Democratic electors from 38th senatorial district. |

---

[5] This objection is set forth at 6(i) of the objections

27, 30,
33, 41,
44, 45,
46, 48
and 50

| | |
|---|---|
| ·4 | Duplicate to signature at page 13, line 42.[6] |
| 49 | Illegible information prohibiting identification of elector. |

TOTAL STRICKEN FOR REASONS ABOVE —(276).

[6]This objection is set forth at 6(h) of the objections.