In re NOMINATION PAPER OF Marakay ROGERS, Christina Valente and Carl J. Romanelli as Candidates of an Independent Political Body for Governor, Lieutenant Governor and U.S. Senator in the General Election of November 7, 2006

William R. Caroselli, Fred R. Levin, Daniel J. Anders and Peter D. Winebrake, Petitioners.

No. 426 M.D.2006.

Commonwealth Court of Pennsylvania.

Heard Aug. 30, 2006.
Decided Sept. 1, 2006.
Publication Ordered Sept. 27, 2006.

---

8. This was the date of Ms. Romaniello's arrest.

Clifford B. Levine, Pittsburgh, for petitioners.

Lawrence M. Otter, Doylestown, for respondents.

OPINION BY President Judge COLINS.

Green Party candidate for United States Senate, Carl Romanelli (Candidate), has filed a document entitled generally Motion to Quash the Objectors' Petition to Set Aside his nomination papers. The document includes preliminary objections to the Petition to Set Aside. The objections pertain to certain paragraphs of the Objectors' petition, and raise issues concerning alleged (1) lack of specificity, (2) inclusion of "scandalous and impertinent material," (3) failure to plead fraud with specificity, and (4) illegality of Section 951 of the Election Code [1] under the state and federal constitutions.

The Objectors have filed an amended Motion for Expedited and Limited Hearing that seeks an order of the Court approving the amendment of line challenges in the initial Petition to Set Aside: objections originally based on the illegibility of signatures and the lack of registration of petition signers would be amended to include challenges to the addresses of the signers. In this memorandum, we will discuss all issues raised by the parties with the exception of the constitutional challenge to Section 951. The Court will issue a separate decision regarding Candidate's constitutional challenge.

The Objectors initially challenged numerous signatures as illegible and numerous other signatures as not registered. During the parties' review process to stipulate validity or invalidity of the challenged lines as ordered by this Court, many of the "illegible" signatures were identified, and many of the "unregistered" signatures were found to be those of a registered elector. Accordingly, the original reason for challenging these signatures has not been proven. Objectors argue, however, that the review process has shown that the addresses of the signers do not match the registration records and seek to amend the objections to now include address challenges. The Candidate opposes these amendments.

### Authority to Allow Amendment

■ Pertinent to our discussion is Section 977 of the Election Code, 25 P.S. § 2937, which provides that

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed valid, unless, within seven days after the last day for filing said nomination petition or paper, petition is presented to the court specifically setting forth the objections thereto, and praying that the petition or paper be set aside.

The Objectors rely upon the Supreme Court's decision in *In re Bryant*, 578 Pa. 421, 852 A.2d 1193, 1195–6 (2004), to support their argument that granting the amendment is appropriate under the circumstances. *Bryant* involved the discrete issue of whether the objector could amend

---

1. Act of June 3, 1937, P.L. 1333, art. IX, *as*     *amended.*

his challenge to a nomination petition, which originally raised improprieties in the signature and affidavit of circulation requirements, to add a substantive challenge to the candidate's statement of financial interests after the expiration of the seven-day time period for filing objections to nomination petitions. Before the seven-day period had lapsed, the objector had filed a pre-hearing memorandum purportedly reserving the right to pursue additional grounds for setting aside the nomination petition. The Supreme Court reversed this Court's decision, and concluded that the objector could not raise an entirely new objection, i.e., to validity of the candidate's statement of financial interest, after the seven-day period for filing objections.

In rejecting the objector's argument that trial courts have discretion to allow amendments to objections, the Supreme Court cited with approval a line of cases that recognized a court's discretion to permit amendments when the objector's timely filed general allegations of invalidity put the candidate on notice of more specific allegations of invalidity. The cases the Supreme Court cited clearly support a decision in this case to allow amendment. Most significant among those cases is *Appeal of Beynon,* 370 Pa. 532, 538, 88 A.2d 789, 792 (1952), also cited by the Objectors here, which stands for the proposition that, as long as an objector has challenged signatures on a nomination paper, the objector is not precluded, after the seven-day period, from seeking to advance a challenge to those signatures on other grounds in the Election Code at the hearing on a petition to set aside the nomination petition.

The Candidate does not dispute that the Objectors' proposed amendments relate to signatures that the Objectors challenged in their timely filed petition to set aside. Thus, in accordance with *Beynon,* which we confidently follow as reliable precedent, if the amendments the Objectors here seek pertain to the challenged signatures, and assert invalidity based on a different but sound reason, that reason having its foundation in the Election Code, granting the Objectors' request to amendment is appropriate.[2]

### *Specific Amendments Requested*

#### a. *Signatures Originally Challenged as Illegible*

The Objectors first argue that the amendments they seek with regard to signatures originally challenged as illegible is proper because they have already objected to the specific signatures. A review of the original nomination papers would indicate that many of the illegible signatures were later deciphered after several individuals reviewing the signatures came up with variations of possible names, one of which turned out to be the actual name of the voter. Objectors seek to amend these challenges to assert that the signatures are invalid because the signers are not voters registered at the addresses given. Although the signature review ordered by this Court subsequently revealed that the names could be identified, the Objectors assert that the signers are not registered at the addresses listed. Thus, while the original objection related to the fact that the signatures and printed names could not be deciphered or associated with the name of any registered voter, subsequent

---

**2.** We observe that in the case of signatures initially challenged as illegible, a challenge made at that time also asserting that the unidentified individual is not registered or is registered at an incorrect address could not possibly be made in good faith. Only after the "illegible" signature has been identified is it possible to review the registration records to determine whether the person is properly registered at the address listed.

review using the SURE system supported disqualification of these signatures for another reason—one not originally listed with the objection, but one that is nevertheless a valid reason for rejection under the Election Code, i.e., an invalid address. The Candidate's representatives refuse to stipulate that these signatures are invalid because of the failure of the names and addresses to match registration records.

On August 30, 2006, this Court, during the course of oral argument on the present Motion, accepted into evidence an example of one of the challenged signatures. The example was a signature that appeared to be the name "Marlo Thomas," with an address of "5913 Irving Phila." [3] A SURE review of the address indicated that two other registered voters had such an address, but neither of those names corresponded to the name that appeared to be "Marlo Thomas." Based upon that evidentiary exhibit, which included a demonstration of the use of the SURE system by the parties for stipulations regarding challenged signatures, this Court determined that the signature was not valid because none of the persons with the identified name had the address listed on the circulation sheet as the address of the alleged voter.

Because we conclude that an amendment should be allowed, we will strike that particular signature as invalid for failure to match the address on the petition with the address of a registered voter. The Objectors' request for further amendments of signatures of this type is granted and, the Court notes, that any addresses on the petition that fail to match an address on registration records will be found to be invalid at any hearing in this case pursuant to our Supreme Court's opinion in *In re*

*Nomination Petition of Mary Flaherty,* 564 Pa. 671, 770 A.2d 327 (2001).

### b. *Incorrect Addresses*

The Objectors also seek to amend challenges to signatures where they first alleged that signatures were invalid because official registration records could not be located for a registered voter with the name indicated. Later investigation showed that the signer was registered, but not at the address listed on the petition. Thus, at the above-noted hearing and argument on August 30, the Objectors used the SURE system to demonstrate by example that the signature of someone whose first name is recognizable as "Clayton," but whose last name was illegible but began with the letter "D," could have been one of four registered persons in Philadelphia County, but none of the addresses listed for that name included the clearly identifiable address on the nomination petition. For the reasons stated above, the Court will grant the motion to amend the objection, strike this signature, and again we note that all such signatures will be similarly invalid if presented at an evidentiary hearing before the Court.

### Qualified Elector or Registered Voter?

■ Candidate notes throughout his amended response to the Objectors' amended Motion that the Objectors are wrong to rely upon invalid voter registration to discredit signers in calculating the number of signatures necessary to place the Candidate on the ballot. The Candidate argues that, under Section 951(c) of the Election Code, 25 P.S. § 2911(c), the signers need only be "qualified electors," rather than registered voters. The Candidate also relies upon the dissenting state-

---

**3.** The Court want to emphasize that he could not, as trier of fact, determine from the petition paper, whether the name was "Marlo" or "Merlo."

ment of Justice Saylor in *In re Nader,* 580 Pa. 134, 860 A.2d 1 (2004).[4]

■ The General Assembly, in addressing the requirements for partisan nomination petitions, determined that petition signers must be a registered member of the particular party. Section 908 of the Election Code, 25 P.S. § 2868. On the other hand, as Candidate notes, Section 951 refers only to "qualified electors." In *Nader,* the Candidate pointed to a federal court decision, *Morrill v. Weaver,* 224 F.Supp.2d 882 (E.D.Pa.2002), in which the federal district court reviewing Section 951(d) concluded that to interpret the phrase "qualified electors" to mean registered voters would be unconstitutional, and that a person who simply possesses the constitutional qualifications to vote could sign nomination papers.[5]

For the reasons that follow, we conclude that, under 951, persons signing a candidate's nomination papers must be a registered voter. A "qualified elector" is defined as "any person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election." Section 102(t) of the Election Code, 25 P.S. § 2602(t). The Pennsylvania Constitution provides that a "qualified elector" is any citizen who meets the minimum age and residency requirements, **"subject, however, to such laws requiring and regulating the registration of electors as the General Assembly may enact."** Article VII, Section 1, emphasis added.

Our Pennsylvania Supreme Court has addressed this question before. In *Aukamp v. Diehm,* 336 Pa. 118, 8 A.2d 400 (1939), (which involved the distinct question of whether signers of a referendum petition under the Liquor Control Act of 1937 must be registered voters), the Court evaluated the issue under the voter qualification provision of the Pennsylvania Constitution, and also noted the Election Code's definition of "qualified elector." The Court concluded that the legislature had incorporated the word "elector" to mean a person **qualified to vote** at the election and therefore one who was also, at the time of signing the petition, a registered voter. The Court rejected the argument that a non-registered signer of a petition might register before the election. The Court stated that "the legislature, by using the word 'electors,' intended petitioners to be persons at that time registered; unless that were held to have been the legislative intention the commissioners would have no way of ascertaining whether

---

**4.** Two years ago in the challenge to the nomination papers of Ralph Nader and Peter Miguel Camejo, this Court was presented with this precise issue. We concluded that signers of a petition must be registered electors. Although our *per curiam* memorandum opinion, dated September 29, 2004, was unpublished and therefore not binding precedent, we agree with its analysis and therefore below adopt its reasoning as further explained below in this opinion. We further note that the Pennsylvania Supreme Court denied an application for extraordinary relief of our order at No. 171 MM 2004 on October 1, 2004 with a concurring and dissenting statement from

Justice Saylor. Ultimately the Supreme Court affirmed *per curiam* our disposition of the *Nader* challenge, with a dissent by Justice Saylor on this precise issue. Therefore, while Justice Saylor clearly would have agreed with the Candidate's position, it would appear that the remainder of our Supreme Court would not.

**5.** We note that decisions of lower federal courts are not binding on this Court, even when the issue concerns the federal constitution. *Finnegan v. Pa. Bd. Of Probation & Parole,* 838 A.2d at 684 (2003).

the requisite number of signers were electors...." 336 Pa. at 121, 8 A.2d at 401.

In our view *Aukamp* disposes of the issue.[6] Further, we conclude that *Morrill* is distinguishable. Factually, *Morrill* involved petition circulators, as compared to the signers of nomination papers at issue in this case. *Morrill,* and other cases involving the status of circulators, most notably the United States Supreme Court's decision in *Buckley v. American Constitutional Law Foundation,* 525 U.S. 182, 119 S.Ct. 636, 142 L.Ed.2d 599 (1999), required evaluation of the nomination process under the First Amendment. Those cases held that the act of circulating was core political speech, because such activity involves communication regarding political change. *Buckley,* 525 U.S. at 186, 119 S.Ct. 636. Such interests are not at stake in the case of signors and are distinguishable.[7]

As to the Candidate's challenges to the specificity of the objections, we conclude that the objections are sufficiently specific and deny the objections thereto. To the extent that the petition to set aside may contain scandalous and impertinent matter and fail to plead fraud with specificity, we note that an objector bears the burden of proving the invalidity of each individual challenge alleged. Mere allegations of patterns of fraud are insufficient to strike a nomination paper. Therefore, while "fraud" may not have been pled with particularity, we find that it need not and should not be plead at all. To the extent that the Objectors allege patterns of fraud in the collection of signatures, these allegations are immaterial, and to the extent that the allegations may be scandalous and im-

pertinent, the Court will disregard them and consider them stricken from the petition.

Finally, the Candidate raises new matter in his response to the Objectors' **amended** Motion, averring that counsel for the Candidate expended time and money preparing for that aspect of the initial Motion seeking to amend challenges to circulators' petitions and corresponding strikes of such petitions. The Candidate seeks compensation from the Objectors for the lost time and money now that that issue has been, for the moment, taken from the table. However, if by chance the Objectors renew the request, counsel's time will not have been wasted. In any event we deny this request without prejudice to the Candidate to raise the issue again following the resolution of these proceedings.

### ORDER

AND NOW, this 1st day of September 2006, upon consideration of the Objectors' Amended Motion for Expedited and Limited Hearing Seeking: (1) To Amend Certain Line Challenges Concerning Illegibility in the Petition to Set Aside and Striking as Invalid; and (2) To Amend Certain Line Challenges Concerning Incorrect Addresses in the Petition to Set Aside and Striking as Invalid, and Candidate's Motion to Quash (excepting the constitutional challenge raised therein) it is hereby ORDERED:

1. Petitioners are permitted to amend their line challenge to the signature on

---

**6.** We also conclude that the federal district court's conclusion to the contrary does not control, for the reasons stated in footnote 4 and for the reasons that follow.

**7.** We note the decision of the Court of Appeals for the 7th Circuit in *Nader v. Keith,* 385 F.3d 729 (7th Cir.2004), which upheld the requirement that petition signers be registered voters.

Petition Page 2624, line 19, to challenge the signature on the basis that the signer is not a voter registered at the address noted on the line, and upon review of the evidence at hearing, the signature is not a valid signature and shall be stricken for the purpose of calculating Candidate's required signatures;

2. Petitioners are permitted to amend their line challenges to signatures on Petition Page 87, lines 43 and 50, and to challenge the signatures on the basis that the signer is not a voter registered at the address noted on the line, and upon the review of the evidence, the signatures on these two lines shall be deemed invalid and shall be stricken for the purpose of calculating Candidate's required signatures;

3. Candidate's request to dismiss for lack of specificity is DENIED;

4. Candidate's request to dismiss for failure to plead fraud with particularity is DENIED;

5. Candidate's request to strike scandalous and impertinent matter is GRANTED in part as indicated in our opinion; and

6. Candidate's request for relief as indicated in his new matter is denied without prejudice to Candidate to renew the request at the appropriate time.