907 A.2d 503

**In Re Nomination Paper of Marakay ROGERS, Christina Valente and Carl J. Romanelli as Candidates of an Independent Political Body for Governor, Lieutenant Governor and U.S. Senator in the General Election of November 7, 2006.**

**William R. Caroselli, Fred R. Levin, Daniel J. Anders and Peter D. Winebrake.**

**Appeal of Carl Romanelli.**

Supreme Court of Pennsylvania.

Oct. 4, 2006.

## ORDER

PER CURIAM.

The Order of the Commonwealth Court is hereby **AF-FIRMED.** This order is entered without prejudice to the Appellant to seek review of the pending Order of the Commonwealth Court imposing a final order of costs. *In Re Nomination Paper of Ralph Nader*, 905 A.2d 450, 457 (2006). We further direct that the Commonwealth Court's final order assessing costs reference by category and amount assessed as well as a statement of rationale behind the imposition of these costs.

Justice SAYLOR files a dissenting statement.

Justice SAYLOR, dissenting.

Presently, the majority affirms the Commonwealth Court's decision setting aside Appellant's nomination papers, thus removing him as an independent political body candidate for United States Senator in the general election of November 2006. Appellant, however, collected nearly 100,000 signatures in support of his nomination papers, far more than the number required for ballot access under the Election Code. Further, he has maintained throughout the proceedings that signators to his nomination papers did not need to be registered voters, but he has been excluded from the ballot on the basis of an assessment process that recognized only signatures of registered voters. *See In re Nomination Papers of Rogers*, 908 A.2d 942, 945–47, 2006 WL 2771557 (Pa.Cmwlth.2006).

For the reasons set forth in my dissenting statement in *In re Nomination of Nader*, 580 Pa. 134, 860 A.2d 1, 1–10 (2004) (Saylor, J., dissenting), I maintain my belief that, under the material provisions of the Election Code, citizens need not be registered voters to validly sign nomination papers on behalf of an independent political body candidate. Further, I do not believe that this Court's *per curiam* affirmance of the Commonwealth Court's decision in *Nader, see Nader*, 860 A.2d at 1 (*per curiam* ), should be deemed controlling with respect to this issue. In this regard, a *per curiam* order that offers no

rationale does not establish a basis for an appellate court's decision or constitute binding precedent with regard to any specific legal issues raised in the appeal. *See Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898, 904 (1996); *accord Bell v. Slezak*, 571 Pa. 333, 812 A.2d 566, 572 n. 7 (2002). Indeed, there was a substantial issue of potential waiver involved in *Nader* that could have formed the basis of this Court's decision not to grant relief. *See Nader*, 860 A.2d at 9 (Saylor, J., dissenting).[1]

Additionally, while this Court denied Appellant's petition for permission to appeal with reference to the voter registration issue at an interlocutory stage, such ruling does not represent an adjudication on the merits, and therefore, does not in any way impede our present review. *Accord Commonwealth v. Ogrod*, 576 Pa. 412, 839 A.2d 294, 316 (2003). Thus, I regard the issue as squarely before the Court at this juncture, as the Commonwealth Court has now entered its final order.

Since I do not believe that Appellant should be denied ballot access based on the Commonwealth Court's existing assessment, I respectfully dissent from the majority's present *per curiam* ruling.

---

1. I do note that, in the *Nader* litigation, this Court had issued a prior opinion reversing the Commonwealth Court's setting aside of the candidate's nomination papers, *see In re Nader*, 580 Pa. 22, 858 A.2d 1167 (2004), and had made a statement to the effect that registration was a prerequisite to qualified elector status. I considered—and still consider—that brief statement to be *dicta*, however, as the issue was not squarely before the Court at that juncture, and there was no consideration of the statutory or constitutional text, or relevant case law. *See Nader*, 860 A.2d at 9 (Saylor, J., dissenting). Thus, in my view, the present question concerning the meaning of the term "qualified elector" under the Election Code has not been fully and definitively addressed and decided by this Court.

Further, with reference to the decision that the Commonwealth Court regarded as precedent, *Aukamp v. Diehm*, 336 Pa. 118, 8 A.2d 400 (1939), I have observed that the case of *In re Sullivan*, 307 Pa. 221, 160 A. 853 (1932), is more nearly on point. In that matter, this Court explained at some length that, while registration may constitute a prerequisite to actual voting, it does not constitute a necessary condition of qualified elector status, which is the relevant criterion specified in the Election Code. *See id.* at 854. *See generally Nader*, 860 A.2d at 2–8 (Saylor, J., dissenting).