DISSENTING OPINION BY
Judge McCullough.
I join in the well-written and thorough dissenting opinion of Judge Cohn Jubelirer. Unlike the Majority, I would conclude that a discrepancy between an elector’s listed address on a nomination petition and the address indicated in the voter registration record is an amendable defect when: (1) the elector’s signature on the nomination petition matches that of his/her registration card; (2) the elector is a registered voter affiliated with the political party of the candidate; and (3) the address listed on the nomination petition is within the same county and/or political district of the candidate. In these circumstances, there is no question that the electors signature is authentic, and the. spirit of federal and state statutory voting laws dictate that the discrepancy ip address does not render the elector unqualified to. sign a nomination petition and vote for a candidate.. I respectfully submit that to hold otherwise would constitute an infringement of one’s constitutionally protected right to vote.
I write separately to express the view that our Supreme .Court’s per curiam order in In re Nomination of Lunny, 615 Pa. 460, 44 A.3d 1 (2012), does not compel this Court to reach a result different from that advocated by Judge Cohn Jubelirer in her dissent and the majority panel in In re Robertson (Pa.Cmwlth., No. 507 M.D. 2012, filed September 20, 2012)’[1] (an unreported memorandum opinion Joy a three-judge panel).
In Lmrny, our Supreme Court reversed a single-judge order of this Cornet and held that we erred in not striking two signature lines on the basis of the electors’ addresses not matching the addresses on the respective electors’ voter registration cards. In support of this reversal, the Supreme Court cited its previous decisions in In re Nomination of Flaherty, 564 Pa. 671, 770 A.2d 327, 333 (2001), and In re Nomination Papers of Nader, 580 Pa. 22, 858 A.2d 1167, 1183 (2004) (holding, generally that “absent extraordinary circumstances, an individual who signs a nomination petition that lists an address other than the one provided on his voter registration card is not a qualified elector”).
Flaherty and Nader have been persuasively distinguished by judge Cohn Jube- *270 lirer in her dissent herein and by the majority in Robertson. As to Lunny, our Supreme Court has previously held that its per curiam orders have no stare decisis effect, Commonwealth v. Thompson, 604 Pa. 198, 985 A.2d 928, 937 (2009), nor are the orders themselves controlling even when citing to binding authority, Commonwealth v. Smith, 575 Pa. 203, 836 A.2d 5, 17 (2003). While there is no dispute that a per curiam order becomes the law' of a particular case, our Supreme Court has held that such an order only has prece-dential effect when it expressly adopts the reasoning of a lower court opinion. Commonwealth v. Tilghman, 543 Pa. 578, 673 A.2d 898, 904 (1996).
Additionally, the single-judge opinion in Lunny did not undertake the extensive analysis set forth' in Robertson. Indeed, our decision in Lunny preceded our decision in Robertson by approximately five months. Hence, neither our underlying decision nor the Supreme Court’s per cu-riam order’ in Lunny addressed the effect of the National Voter Registration Act of 1973 (NVRA), 42 U.S.C. § 1973gg-6, or the potential preemption conflict between the NVRA and/or the Pennsylvania’s Voter Registration Act (the 2002 Act), 25 Pa.C.S. §§ 1101-3302, and the Election Code, Act of June 3,1937, P.L. 1333, as amended, 25 P.S. §§ 2600-3591.
However, in addition to Robertson, these issues were addressed in a single-judge decision in In re Nomination Petition of Sweeney (Pa.Cmwlth., No. 423 M.D. 2014, filed September 4, 2014). In that case, the addresses listed for seven signatures on the nomination papers did not match the corresponding addresses on the respective electors’ voter registration cards, .and Judge Leadbetter noted that all of the addresses were in the relevant senatorial district and that the signatures on the nomination papers appeared to match the signatures on the respective electors’ voter registration cards. She went on to explain that:
The Pennsylvania Election Code requires that nominations by political bodies of candidates for state senate “be made by nomination papers signed by qualified electors ... of the electoral district for which the nomination is made..Section 951(a), as amended, 25 P.S. § 2911(a). Persons signing such nomination papers are required to declare therein that he or she is a qualified elector of the district and must add to his signature his or her legibly printed name, residence and the date of signing. “Qualified elector” is defined as: “any person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election.” Section 102(t) of the Election Code, as amended, 25 P.S. § 2602(t). The Constitution prescribes age, citizenship and residency conditions that qualify one as an elector who shall be entitled to vote “subject, however, to such laws requiring and regulating the registration of electors as the General Assembly may enact.” Pa. Const, art. 7, § 1. This language and the practicality of relying on registration records to determine whether a signer is a qualified elector underpin the established rule that a qualified elector under Section 951 of the Election Code must be a registered voter. See In re Nomination Paper of Rogers, 908 A.2d 942, 946-47 (Pa.Cmwlth.2006), abrogated in part on other ground by In re Stevenson [615 Pa. 50], 40 A.3d 1212 (Pa.2012). See also Aukamp v. Diehm [336 Pa. 118], 8 A.2d 400, 401 (Pa.1939). It is entirely clear that the signers at issue here are the registered voters *271 whose signatures match those on the SURE system records viewed during the hearing. Objectors produced no evidence to establish that these signers are not qualified electors eligible to vote at the next election in November. Under the analysis in In re Robertson, (Cmwlth. No. 507 M.D. 2012, memorandum op. filed September 20, 2012), adopted by two of the three panel members, the 6 signature lines at issue in the present case involving a residence change within the same county are valid. As an unpublished memorandum decision, Robertson is not precedential, but I find it extremely persuasive in its analysis of the effect of 2002 amendments to the Voter Registration Act, 25 Pa.C.S. §§ 1101-3302, on the resolution of the present issue. In particular, the 2002 amendments establish that a voter who has moved within the same county is entitled to vote in one election at his old polling place, regardless of when he moved. 25 Pa.C.S. § 1501(b)(2). In addition, a voter’s registration cannot be cancelled simply because the voter moved without changing his registration address, and a voter cannot bé removed from the registration rolls based on a move within the same county absent compliance with the specific requirements of the National Voter Registration Act of 1993, 52 U.S.C. § 20507 [formerly found at 42 U.S.C. § 1973gg-6(e)] (precluding removal from voter rolls absent failure to respond to notice and failure to vote in two federal elections). See 25 Pa.C.S. § 1901(a) and (d). As the Robertson court recognized, the current statutory provisions treat changes of address toithin the same county as not impairing the voter’s eligibility to vote and, thus, not impairing the voter’s status as a qualified elector. Id. slip op. at 18-20.
Sweeney, slip op. at 3-5 (footnote omitted, emphasis added).[2]
In the Sweeney case, the qualification of seven voters was at issue. However, in many election petition challenges, including a number of those filed within this recent election cycle, the numbers have been much higher, generally ranging from 30 to 50 and, at times, up to or exceeding 100 signatures of electors on a candidate’s petition.
The issue of potentially impairing a registered and eligible voter from otherwise signing a candidate’s nomination petition raises a significant concern, which I respectfully submit merits resolution. I adopt and reiterate the request of Judge Leadbetter in Sweeney that our Supreme Court revisit its decisions in Flaherty and Nader in light of the amendments to the NVRA and the 2002 Act. See id., slip op. at 5.
In my opinion, the reasoning above, and that of Judge Cohn Jubelirer’s dissenting opinion, ensure that an individual will not be deprived of the right to run for office and that the electorate will not be deprived of their right to elect a candidate of their choice. Since I do not believe that our Supreme Court’s per curiam order in Lunny precludes this Court from adopting the rationale and legal conclusions of the Robertson court majority and Judge Cohn Jubelirer’s dissent, I respectfully dissent.
Judge COHN JUBELIRER joins in this dissent.

. Robertson, as an unreported panel decision of this Court, has persuasive value, but it does not constitute, binding precedent. Internal Operating Procedure 414(a), 210 Pa.Code § 69.414(a).

. Ultimately, however, Judge Leadbetter felt constrained to strike the signatures at issue based upon our Supreme Court’s prior decisions in Flaherty and Nader, as well as the court’s per curiam order in Lunny.